THE STATE OF NEBRASKA, EX REL. JOHN OSSENKOP, v. THE COUNTY COMMISSIONERS OF CASS COUNTY.

Intoxicating Liquors: LICENSE. In an application for mandamus against county commissioners to compel the issuance of license for the sale of intoxicating liquors, they answered as cause of refusal that the relator "had sold liquors to minors, had sold liquors on Sunday and had kept a disorderly and gambling house, all within twelve months before the hearing of said cause." *Held*, *First*, That the answer states good cause for refusing to grant license. *Second*, That county commissioners have a discretion as to whether they will issue license or not, and their action therein cannot be controlled by mandamus.

ORIGINAL application for mandamus.

*E. F. Smythe* and *Homer Stull*, for relator.

*Smith & Strode*, for respondents.

MAXWELL, CH. J.

This is an application for a writ of mandamus

to compel the defendants, who are county commissioners of Cass county, to issue a license to the relator, to sell intoxicating liquors at Louisville, in Cass county. The relator states in his application, that he is a man of respectable character and standing, and a resident of this state, and that he has complied with all the requirements of the law to entitle him to obtain license, but that the defendants refuse to grant the same. The defendants, in answer to the application, allege that the petition of the relator praying for license was not signed by thirty resident freeholders of the township of Louisville, and further allege that a remonstrance was filed with them against the issuance of a license to said relator; that a day was set for the hearing of said cause and witnesses examined under oath and their testimony reduced to writing; that from this testimony it was satisfactorily shown to the defendants, that the relator had violated the statutes of the state in this to-wit: "had sold liquor to minors; had sold liquor on Sunday and had kept a disorderly and gambling house, all within twelve months last past prior to the hearing of said cause, and the respondents therefore deemed it inexpedient and against the public good to grant license to the relator and refused to grant the same." And that the relator has taken an appeal from said decision of the respondents. The case is submitted upon the pleadings. Two questions are thus presented for our consideration.

*First.* Does the answer constitute a defense?

*Second.* Will mandamus lie to compel county commissioners to issue license for the sale of intoxicating liquors?

The questions will be considered in their order. It is the intention of the law to place the sale of intoxicating liquors in the hands of respectable law-abiding men. The petition for license must state that the applicant is a man of respectable character and standing, and the fact that

he does not possess such character would be sufficient .cause for refusing a license. The provision for filing a remonstrance against the issuance of license is to enable those objecting to it to present testimony showing that the applicant is not a man of respectable character, or that he has been guilty of violating some of the provisions of the act within one year before the hearing, or that a former license was revoked. In all such cases it is the duty of the board to refuse to grant a license. The answer therefore states valid reasons for refusing to grant the license.

*Second.* Section 1, of Chap. 50, of the Comp. Statutes provides that "the county board of each county may grant license for the sale of malt, spirituous and vinous liquors if deemed expedient, upon the application by petition of thirty of the resident freeholders of the town," etc. This gives the county commissioners discretion in issuing licenses. If in their opinion it is inexpedient to issue such licenses, mandamus will not lie to compel them. The statute has placed the whole matter, so far as it relates to counties, under the control of the county commissioners and in case they refuse for cause to issue license, their action therein, being discretionary, cannot be controlled by mandamus. The writ must therefore be denied.

WRIT DENIED.