THE STATE OF NEBRASKA, EX REL. JOHN C. METCALF, v. O. C. REYNOLDS ET AL.

1. **Liquors: LICENSE: REMONSTRANCE.** The provision of section three of chapter fifty of the Compiled Statutes of 1885, by which it is provided that upon an objection, protest, or remonstrance being filed against the issuance of a license to sell intoxicating liquors, the county board or city council shall appoint a day for hearing the case, is mandatory, and the board or council have no authority to proceed immediately to the investigation of the matters alleged in the remonstrance, and a mandamus will issue to compel the proper action of the board or council.

2. ———: ———: **HEARING.** The fact that a representative of the remonstrants was present and made no objection to the matter being investigated by the council, would not confer the right upon such council to issue the license without appointing a time for the hearing, neither would the board or council have the right to appoint the then present time for such hearing. The purpose of the law is that a *future* time must be appointed in order that all persons interested may be present with their witnesses.

3. ———: ———: **MANDAMUS.** Upon an application for a mandamus to compel the appointment of a time for the hearing of a remonstrance it is no defense to allege, nor will this court inquire as to, the falsity of the facts alleged in the remonstrance. It is sufficient if one is filed.

ORIGINAL application for mandamus.

*Ada H. Bittenbender* and *H. C. Bittenbender*, for relator.

*D. C. McKillip*, for respondent.

REESE, J.

On the first day of the present term of this court an application for a writ of mandamus was made, and upon hearing the same a peremptory writ was granted. On

that day court adjourned until the 11th of August, in ac-
cordance with an order at that time made, and of which
notice had been previously given by the clerk.    After the
issuance and service of the writ the respondents appeared
and moved to vacate it, and for leave to answer to the
merits, alleging as ground therefor that they had been
misled by the adjournment of the court, having been led
to believe that no business would be transacted until the
11th of August.    The motion contains other grounds
which we will notice in their order.

The application for the writ alleged in substance that
the respondents were the mayor and city council of the
city of Seward; that prior to the 23d day of April, 1885,
one Frederick Bick filed in the office of the city clerk of
Seward his petition for a license to sell intoxicating liquors,
due notice of which was given, and that on the date above
named, and during a session of the city council, the relator,
with others, filed with them a remonstrance in writing, ob-
jecting to and resisting the granting of the license; that the
respondents instead of appointing a day for the hearing of
said cause, as required by section three, chapter 50, Com-
piled Statutes of 1885, proceeded at once and on that day
and at that session to grant the license, which was then
done.    A mandamus was prayed to compel a compliance
with the law.    The answer alleges that the city council did
appoint a day for hearing the questions presented by the
remonstrance, and that the day so appointed was the same
day, to-wit, the 23d of April, at the meeting of the coun-
cil then in session; and that the remonstrance was fully
heard at that time and the objections found to be without
merit, and it is sought to be shown by affidavits on file
that the attorney for remonstrants was satisfied with the
investigation and made no further objections to the grant-
ing of the license.    The record of the proceedings of the
council is as follows:

"Petition and bond of Frederick Bick to sell malt,

spirituous, and vinuous liquors in the first ward was accepted and license ordered by the following vote: Yeas, Sanders, Mulfinger, and Merriam. Nays, Welch.

"Messrs. Beaver, Chapin, Metcalf, and Hays remonstrated against issuing F. Bick license. Remonstrance overruled and license granted."

While it is perhaps true that the record of the council would be the only proper evidence of what was done, so far as the facts should properly appear of record, and that the record does not show the appointment of a time at which the remonstrance should be heard, yet we think the facts claimed, even if shown by the record, would be no defense to this proceeding.

The section of the law above referred to is as follows: "If there be any objection, protest, or remonstrance filed in the office where the application is made, against the issuance of said license, the county board (city council) shall appoint a day for hearing of said case, and if it shall be satisfactorily proven that the applicant for license has been guilty of the violation of any of the provisions of this act within the space of one year, or if any former license shall have been revoked for any misdemeanor against the laws of this state, then the board shall refuse to issue such license."

It will be seen that if there be any "objection, protest, or remonstrance," the board or council "shall appoint a day for hearing of said case." This language is imperative and mandatory. No further action toward granting the license can be taken. The power of the council to proceed further, except to appoint a day for hearing, is suspended. They have but one duty to perform and that is to "appoint a day for hearing." They could no more legally ascertain the truth or falsity of the allegations of the objection, protest, or remonstrance, than if they were formally adjourned and each man went upon the street as a committee of one, by his own appointment, and made inquiry therein. They

must sit as a board, upon the day fixed, for the purpose of deciding upon the merits of the allegations of the remonstrance. The spirit and purpose of this section of the law is, that a time shall be appointed for the hearing, of which the parties may take notice and at which they may appear with their witnesses. Guided by its provisions no one would think of appearing before the council with witnesses, taking the chance of being crowded out by other business and compelled to pay the costs of their attendance, but rather would he appear at the time to be appointed when the business before the council would be the hearing of that particular case. The law and reason both clearly contemplate the appointment of a day other than the one on which the remonstrance is presented.

The answer further alleges that the allegations of the remonstrance are and were wholly untrue, and that this fact was clearly shown and proven on the 23d of April, at the time the remonstrance was heard. This may all be true, and yet there being no authority or power lodged in the council to so hear or decide at that time, it could constitute no defense to the writ. The question is as to what was the duty of the council at the time, and not what were the merits of the remonstrance.

The affidavits and proofs tend to show that the attorney or representative of the remonstrants was present at the time the final action was taken, and made no objection to it. This in our view could not change the matter. The law prescribed the duty of the council. The mere fact that no objection was made could not relieve them of that duty. The proceeding was statutory, and the statute should be complied with.

It follows that the writ was properly issued in the first instance, and that the motion to vacate the same must be overruled, which is done.

JUDGMENT ACCORDINGLY.

THE other judges concur.