J. E. VANDERLIP ET AL., PLAINTIFFS IN ERROR, V. LOUIS P. DERBY ET AL., DEFENDANTS IN ERROR.

| 19 | 165 |
| 20 | 472 |
| 24 | 612 |
| 19 | 163 |
| 25 | 609 |
| 25 | 734 |
| 19 | 165 |
| 37 | 363 |
| 19 | 165 |
| 42 | 484 |
| 42 | 755 |

1. **Liquors:** CONSTRUCTION OF STATUTE. The provisions of section 3, chapter 50, of the Compiled Statutes of 1885, by which it is provided that upon an objection, protest, or remonstrance being filed against the issuance of a license to sell intoxicating liquors, the county board, city council, or village trustees shall appoint a day for hearing the case, is mandatory, and the board, council, or trustees have no authority to issue a license without appointing a time for hearing a remonstrance filed and investigating the same.

2. ————: PRACTICE IN ISSUANCE OF LICENSE. Where a petition is filed asking a board having authority to issue a license to sell malt, spirituous, and vinous liquors, and a remonstrance is filed in opposition thereto, in which it is charged that during the year last passed the petitioner had violated certain provisions of chapter fifty of the Compiled Statutes of 1885, the board has no right to issue the license but must appoint a time for hearing the remonstrance if the allegations are sufficiently specific.

3. ————: REMONSTRANCE AGAINST LICENSE. The village clerk is the clerk of the board of village trustees. A remonstrance filed in the office of such clerk is "filed in the office where the application is made," and is sufficient.

4. ————: ————: TIME OF FILING REMONSTRANCE. Where an application is made to a board for license to sell intoxicating liquors and notice thereof duly given, remonstrances and objec-

tions to the issuance of the license may be filed at any time before the license is granted. The time for the filing of remonstrances is not limited to within two weeks after the filing of the application for license.

ERROR to the district court for Lancaster county. Tried below before POUND and MITCHELL, J.J.

*Caldwell & Christy* and *L. W. Billingsley*, for plaintiffs in error.

*L. C. Humphrey* and *H. D. Rhea*, for defendants in error.

REESE, J.

This is a proceeding in error to the district court of Lancaster county for the purpose of a review of a final judgment in that court, by which a peremptory writ of mandamus was awarded against plaintiffs in error.

The abstracts of the record disclose the following facts, to-wit: Plaintiffs in error are the board of trustees of the village of Bennett. On the 8th day of May, 1885, George Brown applied to the trustees for a grant of license to sell liquors. Due notice of this application was given by publication as required by law. On the 22d of May, and before a meeting of the village board, a remonstrance against, and objections to the issuance of a license was filed with the village clerk. This remonstrance alleged that George Brown, the applicant, had violated the act of the legislature under which he was applying for a license, denied that he was a man of respectable character and standing, or that he had filed his petition as required by law, and alleged that during the year last past he had violated said act by selling liquor to habitual drunkards, minors, and upon Sunday, and asked an adjournment to a day when they would make their charges more definite. At the first meeting of the board thereafter, and before any action was taken upon the matter of the application and remonstrance, the

remonstrants appeared and presented an additional remonstrance, by which it was charged that the applicant sold intoxicating liquors during the month of October, 1884, on Sunday, that George Brown was a partner of his brother John, who had recently been defeated before the same tribunal in an effort to procure a license in Bennett, he having been proven to be an unfit person, and that the effort to procure a license in the name of George was a fraudulent device, the purpose of which was to continue John in the saloon business in Bennett. No time was fixed for hearing the petition and remonstrances, but the license was issued at once. Defendants in error instituted these proceedings in the district court with the result above stated.

The arguments of counsel on both sides have taken a wide range, and have discussed many questions which are quite interesting, and may eventually require a solution. But as they are not essential to the decision of this case, and the time at our command is limited, we will not pursue them.

It is asserted that the objection contained in the first remonstrance, which is, in substance, a denial of the filing of such a petition as is required by law by the applicant, is based upon the fact that two of the board of trustees by whom the petition was to be heard, and who were required to pass upon it, both as to its sufficiency and as to the merits of the case, were signers of the petition. It is shown that two of the board opposed the issuance of the license until a proper examination could be made, and voted against its allowance, three voting in favor of the allowance and against the extension of time. If the charge is true that two of the members signed the petition to themselves, and they were of the three who voted for the granting of the license, we have this unusual condition of a license being issued by the vote of *one* disinterested man over the opposite vote of two, for no one could claim that the two who signed the petition were disinterested. It is to be hoped

that the charge here made is a mistake.    The fact that an official oath sits so lightly upon the conscience of any officer as to permit him thus to become a partisan in a proceeding before himself, is not to be believed except upon the most indubitable proof.

The controlling question here presented is, did the original or first remonstrance contain enough to require the board to fix a time for its hearing?  We think it did.  It is quite probable that, under the rule laid down in *State v. The Commissioners of Cass County*, 12 Neb., 54, the mere denial of the " respectable character and standing" of the applicant would be sufficient.   But however that might be, it is clear that the affirmative allegation that, during the year last past, he had violated the provisions of the liquor law of the state by selling liquor to habitual drunkards, minors, and upon Sunday, would be sufficient to demand the hearing contemplated by section three of the law regulating the sale of liquors.   This section is as follows: "If there be any objection, protest, or remonstrance filed in the office where the application is made against the issuance of said license, the county (village or city) board shall appoint a day for hearing of said case, and if it shall be satisfactorily proven that the applicant for license has been guilty of the violation of any of the provisions of this act within the space of one year, or if any former license shall have been revoked for any misdemeanor against the laws of this state, then the board shall refuse to issue such license."   Chap. 50, Comp. Stats., § 3.

The important question for the board to decide is, whether or not the applicant is a suitable person to receive the trust which it is proposed to confer upon him.  A liberal construction should be given to the law requiring the hearing, and a reasonable latitude to such hearing, in order that " the whole truth " may be known.

It is said, though not insisted upon, that the remonstrance should have been filed with the board, and not with

the village clerk.   The village clerk is the clerk of the board.   The filing of the remonstrance with him was sufficient.

Under the rule laid down in *State, ex rel., v. Reynolds,* 18 Neb., 431, it was clearly the duty of the board to appoint a day for hearing the case, and the decision of the district court in awarding the writ was correct.   But had the first remonstrance been insufficient, the second one was full and specific, and had the majority of the board been as anxious to discharge their whole duty as they were to issue the license, they would have appointed a time for hearing the charges contained in the second remonstrance.   This was presented at the first meeting after the notice had been given, and at the time when it was the duty of the board to appoint a time for hearing, etc.   It was the duty of the board to have heard it read and acted upon it.

It is said this remonstrance was not filed within two weeks of the date of the application, and therefore it was not filed within the time required by law.   The fact that the village board were in session, had approved the petition and bond, and that the money had been paid, could make no possible difference.   As we read the second section of the act in question, two weeks' notice of the application is necessary.   If at the end of that time there are no objections in writing made to the granting of the license, and the board is in session, the license may issue.   But we find nothing in the act which prohibits the filing of remonstrances at any time before the arrival of the time fixed for hearing the remonstrance.   Indeed, the evident meaning and intent of the section is not to limit the time of filing the remonstrance providing the same is filed before the meeting appointed for final action.

We therefore hold that the first remonstrance filed was sufficient to deprive the board of authority to issue the license until after the hearing provided for by the act, and further, that the second remonstrance was filed and pre-

sented in time to require the charges to be examined by the board, and that it was their plain duty to appoint a time for such examination. Failing in this the judgment of the district court compelling action was correct, and is in all things affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.