STATE, EX REL. B. CONWAY, PLAINTIFF, V. LOUIS C. WEBER ET AL., THE BOARD OF TRUSTEES OF THE VILLAGE OF ARLINGTON, AND LENA KLINDT AND LENA STALTENBERG, DEFENDANTS.

1. Liquors: LICENSE: PETITION. The presentation to the board of trustees of an incorporated village, or filing in the office of the village clerk, of a petition, signed by not less than thirty of the resident freeholders of such village, applying for a license to the person or persons therein named to sell malt, spirituous, and vinous liquors in said village, is an indispensable condition precedent to the issuance of such license.

2. ———: REMONSTRANCE: HEARING: NOTICE. When, after the presentation or filing of a petition for such license, an objection, protest, or remonstrance against the issuance of such license alleging that two of the thirty-two persons signing said petition are the identical persons named in the body of said petition as the persons to be licensed, that other two signers, naming them, are not lawful residents of said village, and that other two signers also, naming them, are not lawful freeholders in said village, was presented to and brought to the consideration of said board, it was the duty of such board to appoint a day for the hearing of the case. And the day so appointed should have been fixed, sufficiently advanced in the future as to give a reasonable opportunity to subpoena witnesses and make suitable preparation for trial.

3. ———: ———. When such board, at 10 o'clock P.M., adjourned to 9 o'clock A.M. the next day for a hearing of the remonstrators, such time was not a reasonable one, and it was a substantial denial of a hearing to the remonstrators.

ORIGINAL application for mandamus.

*H. C.* and *A. M. Bittenbender*, for relator.

*N. H. Bell*, for respondents.

COBB, J.

This is an original application to this court for a peremptory mandamus against the village board of the village

of Arlington, in the county of Washington, commanding them to appoint a day for the hearing of the case arising on the remonstrance against the said board granting a license to Lena Klindt and Lena Staltenberg to sell malt, spirituous, and vinous liquors in said village, etc.

After the necessary formal allegations, it is set forth in the said application that on the 22d day of April, 1886, there was filed in the office of the clerk of said village an application by petition of thirty-two persons claiming to be resident freeholders of said village, asking that license be granted to Lena Klindt and Lena Staltenberg under the firm name of Klindt & Staltenberg, to sell malt, spirituous, and vinous liquors within said village, as provided by law.

That a notice of said application was published in a newspaper published in the said county of Washington on the 22d and 29th days of said month of April respectively, etc.

That on the 30th day of April, 1886, a remonstrance in writing was filed in the office of the village clerk of said village, signed by the plaintiff and six other residents of said village, remonstrating against granting license to said Lena Klindt and Lena Staltenberg as asked for by said application, and requesting said board of trustees to appoint a day for the hearing of said case.

That the attention of said board was called to said remonstrance at the meeting of said board held for the purpose of considering the said application for license on the 30th day of April, 1886, but that instead of appointing a day for the hearing of said remonstrance so that said remonstrators might have a fair opportunity to be present with their witnesses, the said board, at 10 o'clock P.M., of said day, adjourned until 9 o'clock the following morning.

That none of said remonstrators were present at the time of said adjournment, nor notified of said adjourned meeting.

That plaintiff, having heard through rumor of the said

adjourned meeting, appeared thereat, and then and there asked for a continuance of said hearing until the 5th day of May of the said instant in order to have time to procure evidence to show that less than thirty of the signers of the said application were resident freeholders, which request of the plaintiff was refused, and the said board then and there proceeded to and did vote to license and did license the said Lena Klindt and Lena Staltenberg to sell intoxicating liquors from the first Tuesday in May, etc.

That there has been no hearing on said remonstrance, nor any other time fixed for such hearing, etc.

The defendants, being duly notified by the plaintiff of his intention to apply for a mandamus, appeared in this court on the last day of the last term and contested the application by argument, but filed no written answer. The matter was then taken under advisement. The facts alleged in the petition are sufficiently proved by certificates of the proceedings of the village board under the hand and seal of the village clerk. The statute, section 3, chapter 50, p. 414, Comp. Stats., is as follows :

" SEC. 3. If there be any objection, protest, or remonstrance filed in the office where the application is made, against the issuance of said license, the county (city or village) board shall appoint a day for hearing of said case, and if it shall be satisfactory proven that the applicant for license has been guilty of the violation of any of the provisions of this act within the space of one year, or if any former license shall have been revoked for any misdemeanor against the laws of this state, then the board shall refuse to issue such license."

Section 4 provides as follows :

" SEC. 4. On the hearing of any case arising under the provisions of the last two sections, any party interested shall have process to compel the attendance of witnesses, who shall have the same compensation as now provided by law in the district court, to be paid by the party calling said witnesses," etc.

There are two questions to be considered for the determination of this case.

1. Do the facts above stated bring the case within the meaning and intent of the provisions of the sections above quoted ? It is true that the allegations of the protest as set out in the petition are directed against the proceedure of the applicants for license, and not against the applicants themselves on account of any violation of the statute for having forfeited any previously granted license, or other misconduct. The first section of the act which we have under consideration limits the power of the board to grant license to cases where they have been petitioned to grant such license by not less than thirty of the resident freeholders of the town, city, village or precinct, as the case may be. The presentation to the board of a petition complying in all respects with the said provision is necessary to give the board jurisdiction and power to act. There was a petition before the board which on its face complied with such provision.· In the absence of objection made within the time limited by other provisions of the same section, it would probably be sufficient ; but within the time so limited, a remonstrance was presented to the board alleging that two of the signers of said petition, designating them by name, were not lawful residents of said village, and that two other signers of said petition, also designating them by name, were not lawful freeholders of said village. Also, that two of the signers of the said petition were the identical Lena Klindt and Lena Staltenberg named in the body of said petition as the persons to be licensed. There are thirty-two names in all to the said petition, so that if either two of the above grounds or causes of protest are true, then it is not a legal petition for the purpose intended, and the board is without jurisdiction to grant the license applied for. Whether either two, or even one, of them are true, are questions of fact, to be tried and determined upon evidence. The case is therefore one within the meaning and

intent of the law requiring a trial and the ascertainment and settling of matters of fact by the board before it could properly act on the application.

2. Did the board "appoint a day for the hearing of said acse" within the true meaning and intent of the statute? It would seem that the board conceded, in some degree, the right of the remonstrators to have some time in which to present the grounds of their remonstrance. In the language of their minutes of April 30, they "adjourned to Saturday, May 1, at 9 o'clock A.M., for a hearing of the remonstrance and other business." But according to the allegation of the petition, this adjournment took place at the hour of 10 P.M. When we consider the object and purpose of the statute, we cannot deem this adjournment at bed-time until the earliest business hour of the next day, as the appointing of a day for the hearing of said case, or as a fair and intelligent administration of the law by the board.

Ordinarily, in order to try a question of fact, witnesses must be subpœnaed and other preparations made. In order to do this, a definite day and hour must be fixed for such trial, and that sufficiently advanced in the future to enable the witnesses not only to travel from their homes to the place of trial, but to make some preparation for an absence from their homes and avocations. In criminal cases courts may require and enforce the immediate attendance of witnesses because of the interest of the state, and the peace and order of society on the one hand, and the life or liberty of the citizen on the other, being at stake; but in proceedings where the pecuniary interests of litigating citizens only are involved, reasonable notice to witnesses as well as citizens should always be given. The time given in the case at bar was not sufficient, and the course pursued by the village board amounted to a denial of the right of the remonstrators to a hearing.

I pass over the point presented in the remonstrance that

certain members of the village board were signers of the
petition for license and that some of them would have to
be counted as such signers, even did no objection exist to
any of the other signers in order to make out the necessary
number as required by law. The board could, doubtless,
take judicial notice of the facts necessary to a decision of
that question. But I will quote the language of this court
by Judge REESE upon a similar question which arose in the
case of *Vanderlip v. Derby*, 19 Neb., 165. "It is shown
that two of the board opposed the issuance of the license
until a proper examination could be made, and voted against
its allowance; three voted in favor of the allowance and
against the extension of time. If the charge is true that
two of the members signed the petition to themselves and,
they were of the three who voted for the granting of the
license, we have this unusual condition of a license being
issued by the vote of *one* disinterested man over the opposite
vote of two, for no one could claim that the two who
signed the petition were disinterested. It is to be hoped
that the charge here made is a mistake. The fact than an
official oath sits so lightly upon the conscience of any officer
as to permit him thus to become a partisan in a proceeding
before himself is not to be believed except upon the most
indubitable proof."

In addition to the prayer of the plaintiff's petition against
the said village board, as stated in the fore part of this
opinion, the petition also contains a prayer against the said
Lena Klindt and Lena Staltenberg, who were also defend-
ants in this proceeding, "that the license issued to said
Lena Klindt and Lena Staltenberg by said trustees, May
1, 1886, be canceled and repayment made *pro tanto* of the
amount paid for the same for the unexpired time," etc.

Whether this latter prayer of the plaintiff ought to be
answered will depend upon the decision of the question
raised by the remonstrance, whether the petition for license
is signed by at least thirty of the resident free-holders of

said village of Arlington, within the true intent and meaning of the statute in such case made and provided. Should it be the final decision that it does not, then it will doubtless become the duty of the said village board to cancel the said license as having been illegally and improvidently issued. And upon such cancellation the said Lena Klindt and Lena Staltenberg will be entitled to a repayment of a portion of the sum paid into the village treasury for said license, bearing the same relation to the whole sum so paid as the unexpired portion of the year for which the same was granted bears to the whole year. But mandamus will only lie to a public officer or board to enforce the performance of a present and ascertained duty, and in cases where the respondent is in default of the discharge of such duty; and we are now bound to presume that upon the occurrence of the result of the trial of the question above referred to making it the duty of said board to cancel the said licenses that that duty will be promptly performed.

A peremptory writ of mandamus will issue to said respondent board, commanding them to convene in session without delay and appoint a day for hearing of said case, which shall be so fixed and appointed as to allow the parties reasonable time to prepare for such hearing, and the said remonstrators, especially the plaintiff in this proceeding, have due and reasonable notice of the day so appointed.

JUDGMENT ACCORDINGLY.

THE other judges concur.