THE STATE, EX REL. MORGAN COX, v. THOMAS HAN-
LON AND OTHERS, BOARD OF TRUSTEES OF THE
VILLAGE OF DUNBAR, AND FRED. HAEFFNER,.
RESPONDENTS.

1. **Liquors:** LICENSE: REMONSTRANCE. The provisions of sec-
tion 3 of chapter 50 of the Compiled Statutes of 1887, by which
it is provided that, upon an objection, protest, or remonstrance
being filed against the issuance of a license to sell intoxicating
liquors, the county board, city council, or village trustees shall
appoint a day for hearing the case, are mandatory, and the board,.
council, or trustees have no authority to issue a license without
appointing a time for hearing a remonstrance filed, and investi-
gating the same. *Vanderlip v. Derby*, 19 Neb., 165.

2. ——— : ———. A license issued without a compliance with·
the foregoing provisions of law will be recalled and canceled.

3. ——— : ——— : ———. The words, "and if it shall be satis-
factorily proven that the applicant for license has been guilty
of the violation of any of the provisions of this act within the
space of one year, or if any former license shall have been re-
voked for any misdemeanor against the laws of this state," as.
used in section 3, of chapter 50 of the Compiled Statutes, are
words of limitation only to the extent of limiting the discre-
tionary power of the licensing board to grant and issue such
license to cases where neither of the said objections are shown
to exist.

ORIGINAL application for mandamus.

*H. C.* and *Ada M. Bittenbender*, for relator.

No appearance for respondents.

COBB, J.

This is an original application for a mandamus. The
relator, Morgan Cox, by his relation on the part of the
state, alleges that the village of Dunbar, in Otoe county,
is a municipal corporation, organized as a village under the

general laws of the state of Nebraska, and has been enti-
tled to and in the enjoyment of all the privileges, and sub-
ject to all the duties, of a village since the month of July,
1883, and that the relator is a resident of said village of
Dunbar; that on and before the 1st day of May, 1888,
ever since, and at the present time, Thomas Hanlon, Joseph
Snyder, S. M. Scarborough, Stewart Francis, and Clinton
Riddle were the trustees of said village, acting as such
trustees, and constitute the board of trustees of said vil-
lage; that by the laws of the state, and under the ordi-
nances of said village, the said board of trustees had and
have the power to license the sale of intoxicating liq-
uors within the limits of said village, under the provisions
of chapter 50 of the Compiled Statutes of 1887, entitled *liq-
uors*, being complied with; that on the 1st day of May,
1888, during the meeting of the board of trustees of said
village, there was filed with the clerk of said village an
application, by petition of twenty persons claiming to be
resident freeholders of said village, asking that license be
granted to one Fred. Haeffner to sell malt, spirituous, and
vinous liquors in said village; that no notice of the filing
of said application, as contemplated by the provisions of
chapter 50 of the Compiled Statutes, or of the ordinance
of said village to regulate the license and sale of malt,
spirituous, and vinous liquors in said village was given, but
that notices were posted in said village setting forth that
said Haeffner would, at the meeting of said board on May
1, 1888, file his petition for license to sell liquors in said
village; that on or about May 3d, within two days after
the said application had been filed with the clerk of said
village by respondent Haeffner, a remonstrance was filed
with the said clerk, signed by Morgan Cox and seventeen
other residents of said village, remonstrating against the
issuing of license to said Fred. Haeffner, and alleging rea-
sons and grounds for such remonstrance; that at a meeting
of said board held on the 1st day of May, 1888, the said

39

board, without appointing any day for hearing of said case, voted to grant license to the said applicant to sell intoxicating liquors, as petitioned for; and on or about the 4th day of May, 1888, without appointing any day for hearing of said case, a license was issued, in the name and upon the pretended authority of said village of Dunbar, to the said Fred. Haeffner, to sell spirituous, vinous, and intoxicating liquors within said village.

There was a prayer and motion on the part of the relator that a mandamus issue directed to the respondents, Thomas Hanlon, Joseph Snyder, S. M. Scarborough, Stewart Francis, and Clinton Riddle, as trustees of the village of Dunbar, commanding them to immediately appoint a day for the hearing of the case arising under the remonstrance against the granting license to Fred. Haeffner to sell malt, spirituous, and vinous liquors, and filed with the clerk of said village May 3, 1888. Also to cancel the license issued to said Fred. Haeffner, etc.

Two of the respondents, to-wit, Stewart Francis and Clinton Riddle, filed their answer herein, by which they admit all and singular the facts and allegations stated in the relator's petition, and declare that they are and at all times since the filing of the remonstrance against the issuance of license to the respondent, Haeffner, to sell intoxicating liquors, as alleged in relator's petition, the said answering respondents were, and still are, willing and ready to execute their official trusts as members of said board of village trustees, and to grant a hearing upon such remonstrance and objection, as provided by law, but that being in the minority of said board they are powerless to act in the premises, etc. The other respondents have made no answer or appearance.

It appears from certified copies of the minutes of the proceedings of the said board, accompanying the relation, and which were offered in evidence, that at a regular meeting of said board held on the 1st day of May, 1888, there

was presented a petition of twenty alleged freeholders of
said village of Dunbar, praying that license be granted to
Fred. Haeffner to sell malt, spirituous, and vinous liquors
in said village. A motion was made and seconded that the
petition be not granted. The ayes and noes being called
on this motion, it was lost. A remonstrance to the grant-
ing of the petition (as expressed in the minutes) for license
was then presented and read. Whereupon the board ad-
journed. Also a certified copy of a protest and remon-
strance signed by eighteen persons, claiming to be residents
of said village of Dunbar, against the granting of such
license, which was presented and filed in the office of the
clerk of said village on the 3d day of May, 1888. There
was also presented a certified copy of a paper purporting
to be a license to Fred. Haeffner to sell malt, spirituous,
and vinous liquors in the village of Dunbar for the term
of one year, and bearing date May 4, 1888.

There is also a certificate of the clerk of said village to
a copy of the proceedings of the said village board, at a
meeting held on the 4th day of June, 1888, together with
a certificate of said clerk, bearing date June 30, 1888,
which, taken together, show negatively that no day was by
the said board set for a hearing of said case, after the filing
of said petition and remonstrance, and before the date of
the issuance of said license.

It thus appears that after the receipt by the village
board of the petition for license to Fred. Haeffner there
was filed in the office where the application was made a
remonstrance againt the issuance of said license.

Section 3 of chapter 50 of the statute, entitled Liquors,
usually called "the Slocomb law," provides that, "If there
be any objection, protest, or remonstrance filed in the office
where the application is made, against the issuance of said
license, the   *   *   *   board shall appoint a day for the
hearing of said case," etc. .

The point here presented was fully considered by this

court in the case of *Vanderlip v. Derby*, 19 Neb., 165. After full argument the conclusion was reached which I quote from the syllabus:

"The provisions of section 3, chapter 50 of the Compiled Statutes of 1885, by which it is provided that, upon an objection, protest, or remonstrance being filed against the issuance of license to sell intoxicating liquors, the county board, city council, or village trustees shall appoint a day for hearing the case, is mandatory, and the board, council, or trustees have no authority to issue a license without appointing a time for hearing a remonstrance filed, and investigating the same."

Adhering to the above we must hold, as I think, that the license issued after the filing of a remonstrance against the same, and without even setting a day for hearing the case thereby raised, is voidable, and upon the proper application should be recalled and canceled.

That part of section 3 of chapter 50, not quoted above, is as follows: "And if it shall be satisfactorily proven that the applicant for license has been guilty of the violation of any of the provisions of this act within the space of one year, or if any former license shall have been revoked for any misdemeanor against the laws of this state, then the board shall refuse to issue such license."

It may be urged that this language is a limitation upon the power, or at least upon the duty, of the board to refuse to issue license, and that it restricts the right of rejection to the causes stated in the clause quoted. This point was incidentally considered, though not formally presented, so far as shown by the reported cases, in *Vanderlip v. Derby, supra,* and *The State, ex rel. Ossenkop, v. The Commissioners of Cass County,* 12 Neb., 54. In addition to what is said in those cases, I desire to add: The granting of a license under the provisions of law which we are now considering, is a matter of discretion on the part of the board controlling the municipal body in question; this

discretion is not an arbitrary one, but is controlled by many and appropriate provisions of law. This discretionary power arises and becomes operative as to each particular case only, upon the applicant placing himself in the situation entitling him to consideration as an applicant for such favor.. The attention of the board then turns, or should turn, to the community in whose midst and under whose protection it is sought to exercise the business and traffic of a liquor seller. If none of these object, protest, or remonstrate, then the board, and each member of it, is left to the exercise of his judgment and discretion, under all the surrounding circumstances, as to whether license should be granted or withheld. But if any of these do make timely objection, protest, or remonstrance, in the manner provided by law, then it is a matter of right on the part of the protestants, objectors, or remonstrators, and of imperative duty on the part of the licensing board, that a day be set for the hearing the case made thereby, in the due and orderly course of business, and so as to give the objectors, as well as the applicant, fair and ample opportunity to be heard before the board. If upon such hearing it appears that, in the language of the section above quoted, "the applicant for license has been guilty of the violation of any of the provisions of this act within the space of one year, or any former license shall have been revoked for any misdemeanor against the laws of this state," then the discretion to grant such license ceases to operate, and it becomes the imperative duty of the board to "refuse to issue such license." But it by no means follows that no other cause or grounds of objection, if made to the issuance of such license, may be considered by the board, in the exercise of their discretion, as sufficient grounds for such refusal. But their power and discretion to issue or withhold such license, "if deemed expedient," as conferred by the first section of said act, except as above limited by the provisions of law above referred to, remains ample.

A peremptory mandamus will issue to said board, commanding them forthwith to convene, and when so convened to appoint a day for hearing of said case, giving to the parties reasonable time to prepare for such hearing, to forthwith cancel the said license issued to Fred. Haeffner, causing to be returned to him the unearned or pro rata share or portion of the license money paid therefor by him, and at the proper time to take such further proceedings in said case as may be agreeable to law and their legal discretion.

Judgment for costs will be entered against the respondents, Thomas Hanlon, Joseph Snyder, and S. M. Scarborough.

JUDGMENT ACCORDINGLY.

THE other judges concur.