STATE, EX REL. W. F. TENNISON ET AL., V. G. C. COLEMAN ET AL.

[FILED APRIL 7, 1892.]

1. **Liquors:** LICENSE: REMONSTRANCE: HEARING. Where several persons join in a remonstrance and objection to the granting of license to an applicant to sell liquors, it is the duty of the board to which the application is addressed to set a time for the hearing thereof, allowing the objectors a reasonable opportunity to procure the evidence upon which they rely to defeat the application.

2. ———: ———: WITHDRAWAL OF SIGNATURE. In such case one of the objectors cannot defeat the object of the remonstrance by withdrawing it and allowing the license to be issued in the absense of other signers and without their consent.

ORIGINAL application for *mandamus*.

*W. C. & G. I. Wright*, for relator, cited : *State v. Andrews*, 11 Neb., 523; *State v. Weber*, 20 Id., 467 ; *Pelton v. Drummond*, 21 Id., 492 ; *State v. Reynolds*, 18 Id., 431.

*Geo. W. Clark*, and *J. B. Strode*, *contra*.

Post, J.

This is an original application for a peremptory *mandamus* to compel the respondents, the members of the board of trustees of the village of Greenwood, to revoke and recall a license previously issued by said board to one Redfield to sell liquors in said village, and to set a time for the hearing of the application therefor and the remonstrance of the relator and others. The case was submitted to the court long after the expiration of the time for which the license was issued. The real subject of contention at this time we infer is the costs already incurred. The license was allowed by respondents at a meeting held on the 5th day of June, 1889. On the day in question a remonstrance was filed, of which the following is a copy :

"REMONSTRANCE.

"*To the Honorable Council of Greenwood*—GENTLE-MEN: We, the undersigned citizens of Greenwood, respectfully remonstrate against the issuing of a license to sell intoxicating liquors to William Redfield, for the following reasons, to-wit: First, there has been no publication of the application for license having been filed with the village board as provided by law ; second, the petition has not been kept on file accessible to inspection as contemplated in the law.

"(Signed)          W. F. TENNISON.

"A. L. ETHEREDGE.

"W. V. WOLF.

"F. W. ETHEREDGE.

"J. C. NOEL.

"P. S GALLEY."

There is a controversy with reference to the action upon the remonstrance. It is alleged and claimed by the relator that the board refused to set a time for hearing and proceeded immediately to allow the license. The record of

the village board as approved and signed, so far as material in this connection, is as follows:

"Said remonstrance having been read, the attorney asked for an explanation of such remonstrance. W. F. Tennison said, 'They would answer in two weeks.' Says the attorney, 'The board of trustees has by law the right to set the time for hearing.' Tennison said, 'All he asked was that the application and bond was all right and would have nothing more to say.' City Attorney Clark stated 'that he had been particular to do the work, so that any party to whom a saloon license was issued would not only be liable under the law, but that the bond should be a good one, and was in this case.' W. F. Tennison said, 'All right, he would withdraw the remonstrance and the board might proceed to issue the license.' Whereupon a resolution was read relating to the issuing a license to Wm. Redfield. It was moved and seconded that the resolution be accepted. Following was the vote: Coleman, Green, Peters, Barr, and Carns. All voting in the affirmative, the resolution was accepted and the clerk instructed to issue a license to William Redfield."

We must, in this proceeding, accept the record of the board as conclusive, but does it show that the board had authority at the time in question to allow the license? We think not. The remonstrance is signed by six persons. The record does not show how many of them were present, aside from Mr. Tennison, and there is no presumption that any of the others were present. It does not appear that Mr. Tennison acted in any representative capacity, or in any capacity whatever, except that of a remonstrator. There is no evidence or presumption that he was authorized to act for the other signers. The remonstrance did not belong to one signer more than another, and no one could withdraw it without the consent of all. It was the duty of respondents to set a time for the hearing of the application for license. The persons signing the remonstrance were entitled to a reason-

able time to procure the evidence upon which they relied to defeat the application.

This case is within the rule announced in *State v. Reynolds*, 18 Neb., 431, and the peremptory writ will be

ALLOWED.

THE other judges concur.