STATE OF NEBRASKA, EX REL. JOHN L. CHEEVER, v. RODNEY K. JOHNSON ET AL.

FILED JUNE 29, 1893. No. 4389.

Intoxicating Liquors: LICENSE TO SELL: MANDAMUS TO REVOKE: VILLAGE BOARD. A board upon which is imposed the duty of hearing and determining applications for licenses to sell liquors will be compelled by *mandamus* to convene and revoke a license granted, where the essential proceedings requisite to the granting of a lawful license have not been complied with.

ERROR from the district court of Saunders county. Tried below before MARSHALL, J.

*George I. Wright,* for plaintiff in error.

*N. H. Bell, contra.*

IRVINE, C.

The plaintiff in error instituted this action in the district court of Saunders county against the defendants in error, one of whom is Martin Tighe, who was an applicant for a liquor license, and the others of whom constituted the board of trustees of the village of Valparaiso.   The object of the suit was to obtain a *mandamus* compelling the board of trustees to convene and revoke a license by them issued to Tighe, and to set a day for the hearing of a remonstrance filed against the granting of such a license.   The relator alleges that no notice of an application for a license was given except by publication in a certain newspaper, averred not to be the newspaper published in the county having the largest circulation therein; that the notice was published April 25, 1889, and that no application for a license was filed until May 10, and that upon May 11 a remonstrance was filed on the part of the relator and sixteen other residents of the village; that the board set a day for hearing said remonstrance, and that before action was taken thereon, Tighe withdrew his application, and on December 3, at a regular session of the board of trustees, upon motion for that purpose, an application of Tighe for a license was granted, without any other proceedings than those above set forth.   A general demurrer was filed to this petition and sustained by the court, and judgment rendered against the relator for costs.

There can be no doubt that under the allegations of the petition admitted by the demurrer, the board had no authority to grant the license, and the demurrer seems to have been sustained upon the ground that *mandamus* was not the proper remedy.   We do not regard this as any longer an open question in this state.   *Mandamus* will lie in such case.  (*Vanderlip v. Derby*, 19 Neb., 165; *State v. Hanlon*, 24 Id., 608; *State v. Kaso*, 25 Id., 607; *State v. Barton*, 27 Id., 476.)   The judgment of the district court is re-

versed, but as the year for which the license was granted has expired, no writ of *mandamus* will be issued, but judgment will be entered against the respondents for costs.

JUDGMENT ACCORDINGLY.

THE other commissioners concur.