G. W. HOLLEMBAEK ET AL. V. GEORGE H. DRAKE ET AL.

FILED SEPTEMBER 26, 1893. No. 6293.

1. **Liquors**: APPLICATION FOR LICENSE: REMONSTRANCE: VILLAGE BOARD: JURISDICTION: ORDER FOR HEARING. Due notice having been published for the full time fixed by the statute, precedent to the hearing of an application for a license to sell liquors, the village board, before which such application is pending, has jurisdiction of the subject-matter, and in case a remonstrance has been filed within the statutory time, should fix an hour of some subsequent day for hearing the application and remonstrance.

2. ———: ———: ———: ———: TIME OF HEARING BY CONSENT. After a village board has jurisdiction of the subject-matter of an application to sell liquors, and the time has fully expired for filing a remonstrance, and one has been filed, the petitioners and remonstrators may consent to a hearing at as early time as they choose, and in such case cannot be heard to allege that such hearing was premature.

3. ———: ———: HEARING BEFORE VILLAGE BOARD: JUDICIAL

ACTS: REVIEW.   In considering whether or not a license to sell liquor should be granted, a village board acts in a judicial capacity, and its refusal to hear competent testimony relevant to objections made in remonstrance against the granting of such license, presents a sufficient reason for the reversal of an order granting a license.

ERROR from the district court of Gage county.   Tried below before BABCOCK, J.

*Rickards & Prout* and *A. Hazlett*, for plaintiffs in error.

*Murphy & Le Hane*, contra.

RYAN, C.

On the 12th day of May, 1893, one of the plaintiffs in error, George C. Ferguson, filed with the clerk of the board of trustees of the village of Odell the petition of thirty-four persons, asking that a license be granted to said Ferguson to sell spirituous, vinous, and malt liquors in said village for the municipal year ending April 30, 1894.   A notice of the filing of said petition was published in a newspaper printed and published in said village, the first insertion being May 12, followed by another on the 19th of the same month, concluding with still another publication in the same newspaper the 26th of May, all in the year 1893.   Section 2, chapter 50, Compiled Statutes of Nebraska, provides that "no action shall be taken upon said application until at least two weeks' notice of the filing of the same has been given by publication in a newspaper published in said county," etc.

It seems that in this particular case another notice was also posted on May 24, calling attention to the application aforesaid and fixing the 27th of May as the date when a hearing would be had.  Contention is made that this should be taken into consideration in some way, but why, is not clearly defined.   The notice given in the newspaper had been given for two weeks with the expiration of May

26. If no remonstrance was filed a license might have been granted on the 27th. There was, however, such a remonstrance filed on the 26th, and it came up for consideration on the 27th of May at 9 o'clock in the forenoon, the time fixed in the published notice. At this time the remonstrators were present by their counsel, and the further hearing was adjourned until 6 o'clock P. M., when it was again postponed until 7 o'clock P. M. There was at this time a hearing and argument, upon which the remonstrance was overruled and a license was granted.

It is now urged that no hearing could properly be had on the 27th, and this is insisted upon as having been settled in *State v. Reynolds,* 18 Neb., 431. Between that case and the one under consideration there is a most marked difference. In the hearing before the council upon the application covered in *State v. Reynolds, supra,* the license was granted at the first meeting after the full notice had been given, without allowing an opportunity to remonstrators to adduce evidence. In this case evidence was heard, and upon this evidence and the argument of counsel the question of granting a license was considered and determined. There seems to have been acquiescence in this procedure by the remonstrators, and no objection raised as to the time of hearing until after the final decision adverse to the remonstrators. Had time for offering evidence in support of the averments of the remonstrance been asked, it would have been the duty of the board to have granted it, and to have fixed a reasonable time for the purpose. Indeed, it is doubtful whether less than an affirmative waiver of further time would relieve the village trustees of the duty of fixing such reasonable time in advance of the proposed hearing. After the two weeks' notice had been given, however, the village board had jurisdiction to pass upon the application, in view of such remonstrance as may then have been filed. Until the expiration of the time specified for giving notice it could not be known who might wish to

resist the application.  The time having fully expired, how-
ever, all possible adverse parties were before the board,
whose duty it was to fix a time for trial.  This time should
have been reasonably sufficient to permit the production of
evidence.  What is a reasonable time of course depends
upon circumstances, a hearing upon the same day with the
first consideration of the remonstrance, ordinarily, not being
deemed proper.  Where, however, as in this case, the con-
testing parties appear after the board has acquired jurisdic-
tion, and without objection voluntarily proceed to trial and
the final determination of the question at issue before the
village board, it is too late to complain of a premature
hearing.

The remonstrance was based largely upon the averments
that the applicant was not in good faith applying on his
own account, but to enable one Truxaw to operate a saloon
in Odell; that by reason of the said Truxaw having vio-
lated the law the year before when he had a license by sell-
ing liquor to minors and habitual drunkards, and to others
on Sundays and on general election days, and by keeping a
gambling house, that said Truxaw was disqualified to obtain
a license in his own proper name for selling liquors for the
municipal year ending April 30, 1894, and that he had
procured Ferguson to make the application with the object
of himself operating a saloon in the name of Ferguson,
and that, to that end, he had been largely instrumental in
procuring signatures to the petition of Ferguson.  Evi-
dence directly competent to prove a material part of these
allegations was tendered and rejected, upon what theory
we are unable to conjecture.  The same course was taken
as to other averments of the remonstrance, though not with
the same recklessness as upon the branch just referred to.
In this trial there was, however, a sort of consistency to-
ward both parties, for the board refused to hear any evi-
dence that the proposed vendor of liquors was a man of
good moral character.  The board seems, from its conduct,

to have been elected as a license board, and each trustee
appears to have assumed that the matter of granting a li-
cense had been settled in advance by his own election.    It
is a matter of serious regret that proceedings of this nature
should assume such shape.    At best, the liquor question is
one that seems almost incapable of a satisfactory solution.
Absolute prohibition has been attempted by some states;
one commonwealth, to effectively control the traffic, has
itself monopolized it entirely.    In this state, regulation is
sought by requiring that the business be conducted only by
a person of respectable character and standing, backed by
the petition of a majority of the resident freeholders of the
precinct or village in which it is proposed to license the
saloon, and held in check by a bond to observe faithfully
the several provisions of the statute upon that subject.    To
the board of villages is entrusted the duty of determining
the existence of these necessary safeguards precedent to
granting a license, and that duty should be performed with
absolute impartiality to all parties concerned.    The range
of inquiry is very extensive, and all evidence competent to
prove or disprove the applicant's right to a license should
be received, made a matter of record, and judicially con-
sidered by the village board.    Whatever result may be
reached, the evidence should appear so that a full and fair
review may be had in the district court if either party feels
aggrieved by the decision of the board.    This cannot be
done if competent testimony is arbitrarily excluded, and in
such case the action of the village board should be reversed.
In the case under consideration the course indicated as
proper has not been pursued, and in view of this fact it is
ordered that the judgment of the district court, and the
decision of the village board of Odell, be and hereby are
reversed, and that this cause be remanded to the district
court of Gage county, with directions to remand the same
to said village board, with instructions to that body to hear
the remonstrance anew, receiving the evidence offered by

either party, after due notice of the time of hearing to both parties.

REVERSED AND REMANDED.

THE other commissioners concur.