A. POWELL ET AL. V. CORNELIUS EGAN.

FILED NOVEMBER 7, 1894.    No. 5643.

1. When an appeal is taken from the action of a board authorized to pass upon applications for licenses for the sale of liquors, the testimony taken before such board must be transmitted to the district court, where the appeal is heard on such testimony alone. The testimony so transmitted becomes a part of the record in the district court, and after hearing in that court no bill of exceptions is necessary in order to bring it before this court for review. The testimony so transmitted should, for such purpose, be certified by the clerk of the district court like other parts of the record.

2. Members of a board whose duty it is to pass upon applications for liquor licenses disqualify themselves from acting upon such applications by signing the petition on which the application is made, and if their votes be necessary to the granting of a license, no valid license can be issued.

3. Their disqualification is founded upon the fact that by signing the application they have become interested in the issuing of the license, or at least have prejudged the case, and their disqualification is, therefore, not removed by withdrawing the petition, erasing their signatures, obtaining others in their stead, and refiling the petition so changed.

ERROR from the district court of Boone county. Tried below before THOMPSON, J.

*N. C. Pratt* and *C. E. Spear,* for plaintiffs in error.

*F. S. Howell, contra.*

IRVINE, C.

Cornelius Egan applied to the village board of St. Edwards, in Boone county, for a license to sell malt, spirituous, and vinous liquors. A remonstrance was filed by the plaintiffs in error. Upon the hearing the village board ordered the license to issue. The remonstrators took an

appeal to the district court, which sustained the action of the village board and dismissed the remonstrance. From this judgment the remonstrators prosecute error to this court.

The defendant in error has filed a motion to quash the bill of exceptions. This motion was submitted at the same time that the case was submitted upon its merits. The motion is not well taken, for the reason that there is no bill of exceptions to quash. The record does contain the evidence taken before the village board, and we understand the point the defendant in error makes to be that because the district court on appeal was acting upon this evidence it should have been settled and allowed as a bill of exceptions in the ordinary manner. This is a mistaken view of the proceedings. Section 4, chapter 50, Compiled Statutes, provides for appeals from the action of license boards. It provides that the testimony on the hearing before the board shall be reduced to writing and filed in the office of application; and if any party feels himself aggrieved by the decision, he may appeal therefrom to the district court, "and said testimony shall be transmitted to said district court, and such appeal shall be decided by the judge of such court upon said evidence alone." The statute therefore requires the certification of the evidence to the district court, and it becomes a part of the record in that court, as much so as the application, the remonstrance, or any other portion of the proceedings. The office of a bill of exceptions is merely to bring into the record matters which otherwise would not be entered of record. (*O'Donohue v. Hendrix*, 13 Neb., 255.) The testimony before the village board being a part of the record in the district court, was properly certified to this court by the clerk of the district court, and no bill of exceptions was necessary or proper to bring it into the record.

Of the errors assigned in the petition in error we shall consider only one. It appears that the application for the

license was first filed April 21, 1892, and bore the signature of each member of the board of trustees of the village. On May 4, before any action was taken upon such petition, it was withdrawn. The names of three of the five trustees were, in the language of a stipulation, "erased and withdrawn as signers to said application," and a number of additional signatures obtained. The same petition, so changed, was the next day refiled. It is argued by the plaintiffs in error that the trustees who signed this petition were disqualified from acting thereon. It has been repeatedly held by this court that a member of a village board who signs an application for a license thereby debars himself of the right to act on the petition; and that if his vote is necessary to the granting of a license no valid license can be issued. (*Vanderlip v. Derby,* 19 Neb., 165; *State v. Weber,* 20 Neb., 467; *State v. Kaso,* 25 Neb., 607; *Foster v. Frost,* 25 Neb., 731.) These cases are very pronounced and clearly decisive of the general question. The reason of the rule is that the village board acts judicially (*Hollembaek v. Drake,* 37 Neb., 680), and that by the petition for a license a signer declares, if not his interest in the issuing thereof, at least his conviction that a license should issue, and of the existence of facts warranting the issuing of the license. He cannot, therefore, sit in judgment upon these questions and occupy the position of a disinterested person. The general principle is conceded by the defendant in error, but he contends that when the petition was withdrawn and the names of three of the trustees "erased and withdrawn" from the application their disqualification was removed, and they were not forbidden to act upon the petition when refiled, it being then in effect a new application. To so hold would be a veritable "clinging to the bark." The disqualification of signers does not ultimately depend on the fact that their names appeared as petitioners. It is based upon the fact that they were interested parties, or at least parties who have prejudged the case, and of this

their signing the petition is conclusive evidence. The withdrawing of the petition and mechanical erasure of their names and the refiling of it with other names in their places did not alter the fact and did not avoid the principle upon which their disqualification is based. It follows that the whole village board was disqualified from acting on Egan's petition for a license for the municipal year of 1892, and that no valid license could be issued to him on the vote of that board. The district court erred in holding otherwise.

REVERSED AND REMANDED.