EDWARD ZIELKE v. STATE OF NEBRASKA.

FILED NOVEMBER 20, 1894.   No. 6814.

1. **Intoxicating Liquors:** LICENSE: NOTICE OF APPLICATION. Two weeks' notice of an application for liquor license is essential to confer jurisdiction upon the county, city, or village board to which it is addressed, and a license issued without the statutory notice will be *held* void even in a collateral proceeding.

2. ————: VALIDITY OF LICENSE ISSUED WITHOUT PAYMENT OF FEE. The county, city, and village boards of this state have no authority to issue liquor license on credit, and a license issued without payment in full of the fee prescribed therefor is void.

ERROR to the district court for Wayne county. Tried below before JACKSON, J.

See opinion for statement of the case.

*J. A. Berry* and *Frank Fuller*, for plaintiff in error, cited: *State v. Bays*, 31 Neb., 514; 11 Am. & Eng. Ency.

Law, 638 ; *State v. Brandon,* 28 Ark., 410; Black, Intoxicating Liquors, pp. 158–221; *State v. Barton,* 27 Neb., 476.

*George H. Hastings, Attorney General, A. A. Welch,* and *W. L. Rose,* for the state:

The action taken by the village board before the expiration of the two weeks' notice of the application for license was void.   The license was invalid and was no protection to plaintiff in error. (*Pelton v. Drummond,* 21 Neb., 492; *State v. Moore,* 1 Jones [N. Car.], 276 ; *Brown v. Lutz,* 36 Neb., 528; *Hollembaek v. Drake,* 37 Neb., 680.)

There is no authority to issue a license without appointing a time to hear the remonstrances on file. (*State v. Reynolds,* 18 Neb., 431; *Vanderlip v. Derby,* 19 Neb., 165; *State v. Hanlon,* 24 Neb., 608.)

If accused has not paid his fee, the license is void and he is liable to prosecution. (*Pleuler v. State,* 11 Neb., 576; *State v. Lydick,* 11 Neb., 366; *Houser v. State,* 18 Ind., 106; *Dudley v. State,* 91 Ind., 312; *Claus v. Hardy,* 31 Neb., 35; *State v. Fisher,* 33 Wis., 154.)

Post, J.

The plaintiff in error was by the district court for Wayne county convicted of selling and keeping for sale intoxicating liquors without license therefor, and brings the judgment into this court for review upon allegations of error. Inasmuch as the assignments all relate to the legality of the proceedings relied on by the plaintiff in error as a justification, it is deemed proper to set out in detail such parts of the record as bear upon that subject.

On the 18th day of May, 1893, the plaintiff in error filed with the clerk of the village of Carroll the following petition :

"Carroll, Neb., May 18, 1893.

"*To the Board of Village Trustees:* I, the undersigned, apply for a license for the sale of malt, spirituous, and

vinous liquors to be carried on at Carroll, Wayne county, Nebraska, for a period of one year, beginning on the 30th day of June, 1893, and ending on the 1st day of May, 1894.

"EDWARD ZIELKE."

On the 30th day of the same month there was filed with the village clerk a remonstrance by twelve persons, described as "residents of the village of Carroll," against the allowance of a license to the petitioner, on the ground that the petition was defective in form and not signed by a majority of the resident freeholders of said village. It seems that no action was taken on the foregoing petition or remonstrance, but on the 13th day of June a second petition was filed, of which the following is a copy:

"*To the Board of Village Trustees of the Village of Carroll, Wayne County, State of Nebraska:* Your petitioners, whose names are hereto subscribed, respectfully represent that they all are resident freeholders of Carroll, Wayne county, Nebraska, in the county and state aforesaid; that Edward Zielke is desirous of obtaining a license for the sale of malt, spirituous and vinous liquors, to be carried on at Carroll, Wayne county, Nebraska, in said county and state; that the said Edward Zielke is a man of respectable character and standing, and is a resident of the state of Nebraska; wherefore your petitioners pray that a license to sell malt, spirituous, and vinous liquors, to be sold at the place above specified, be granted to said Edward Zielke for the period of one year, beginning on the 3d day of June, 1893, and ending on the 1st day of May, 1894, upon his compliance with the provisions of law requiring the payment of license money fees, and giving a bond in that behalf made; and your petitioners will ever pray.

"C. MAST.
"C. M. MATHEWS.
"R. BUCK.
"W. S. MYERS.
"MRS. MARGARET PETERS.

"Filed in my office January 13, 1892.

"C. M. ANDREWS,
"*Clerk.*"

There was filed a further remonstance in the following words:

"*To the Town Board of Trustees of the Town of Carroll, Wayne County, Nebraska:* We, the undersigned, residents and freeholders of the town of Carroll aforesaid, object, protest, and remonstrate against the issuing by your board of a license to Edward Zielke to sell malt, spirituous, and vinous liquors 'within said town, for the reasons stated in the remonstrance now on file with the town clerk. [Signed by Mrs. K. B. Northrop and nineteen others.]

"Filed in my office June 16th, 1893, at 5 o'clock.

"C. M. ANDREWS,
"*Clerk.*"

At a meeting of the village board held on the day last named the following proceedings were had, quoting from the record:

"Motion by J. P. Brenner and seconded by C. H. Wolf, that remonstrance filed July 16, 1893, shall not be considered. Carried. Ayes—C. H. Wolf, J. P. Brenner, T. W. Shirts. Nays—John Beach. To which action the remonstrators object.

"Motion made by J. P. Brenner and seconded by C. H. Wolf, that petition of Edward Zielke be considered. Carried. Ayes—Wolf, Brenner, and Shirts. Beach not voting.

"Motion made by J. P. Brenner and seconded by C. H. Wolf, that the second clause in remonstrance be not considered. Carried. Ayes—J. P. Brenner, C. H. Wolf, T. W. Shirts. Nays—John Beach.

"Remonstrators object to the board proceeding further in the matter, for the reason that the petition was not filed at the time the notice was published and not on file as stated in the notices published, and was not filed until the 13th day of June.

52

"The applicant now moves the board of trustees for a consideration of his application for final determination. To which the remonstrators object, and ask leave to introduce evidence in support of the remonstrators.

"Motion was made by C. H. Wolf and seconded by J. P. Brenner, that license be granted Edward Zielke. Carried. Ayes—C. H. Wolf, J. P. Brenner, T. W. Shirts. Nays— John Beach.

"Remonstrators appeal from the decision of the trustees and ask the clerk to immediately furnish a transcript of the records in this matter, and tender him the fees.

"It is therefore considered: First, That the applicant has complied with the law, and is entitled to a license for the sale of malt, spirituous, and vinous liquors during the present fiscal year, upon his filing a bond as required by law and complying with the ordinances of the village of Carroll in such cases made and provided. From which finding remonstrators appeal.

"Adjourned.                          C. M. Andrews.

"F. A. Berry,

"*Chairman.*"

On the 19th day of the same month the remonstrators perfected their appeal by filing in the office of the clerk of the district court of Wayne county a transcript of the proceedings of the village board; and two days later the bond of the plaintiff in error was approved by three members of the board. On the 22d day of July the plaintiff in error paid to the village clerk $125 in cash and executed three notes in favor of the village trustee for $125 each, and the clerk thereupon issued to him a license for the remainder of the municipal year.

1. It was disclosed on the trial in the district court on the 5th day of October, 1893, that the notes above mentioned were still unpaid. We find in the record no reference to a notice of any kind except the mention thereof in the objection of the remonstrators, and it is apparent that the

notice essential to confer jurisdiction upon the board to act
in the premises was not and could not have been given.
The first petition was not even a decent pretense of com-
pliance with the statutory condition, and it would be dis-
crediting both the intelligence and honesty of the trustees
of the village to presume that it had been seriously enter-
tained by them.    Jurisdiction is, by chapter 50, Compiled
Statutes, conferred upon the various municipal bodies of
the state to license the sale of intoxicating liquors upon
the petition of the requisite number of resident freeholders
thereof, and not otherwise; and while the petition of June
13 was probably insufficient because not signed by a ma-
jority of the resident freeholders, that fact was not dis-
closed by the paper itself, hence it was, we will assume,
sufficient to confer upon the board authority to act; but the
order allowing the license was made on June 16, or three
days subsequent to the filing of that petition.    It is obvi-
ous, therefore, as we have seen, that no attempt was made
to comply with the requirement of section 2 of the liquor
law for two weeks' notice of the application.    The provis-
ion in question is neither doubtful nor ambiguous.    "No
action shall be taken upon said application until at least
two weeks' notice of the filing of the same has been given
by publication," etc.    More imperative language could not
have been used; nor is the question of the construction
thereof a new one in this court.    It was said in *Pelton v.
Drummond*, 21 Neb., 492, that "the county (city or village)
board has no authority to take any action thereon until
the expiration of the time during which notice must be
given.    Any action taken by them before the expiration
of the two weeks will be void;" and the same principle
is distinctly recognized in *State v. Reynolds*, 18 Neb.,
431; *Vanderly v. Derby*, 19 Neb., 165; *State v. Weber*,
20 Neb., 467; *State v. Hanlon*, 24 Neb., 608; *Brown v.
Lutz*, 36 Neb., 528, and *Hollembaek v. Drake*, 37 Neb.,
680.    The subject here involved is not that of a mere

irregularity or informality in the proceedings before the board. The rules applicable to that class of cases are, therefore, foreign to the present inquiry. The notice, which is the jurisdictional process and which is essential to confer upon the village board authority to act in all such cases, was entirely wanting. It follows that the license was issued without authority, and the trial court rightly held that it was no protection to the accused in this prosecution.

2. The judgment is right for another reason. Assuming the proceedings of the board to have been in all respects regular, there was still no authority for the issuing of the license without payment in full of the license fee. The payment into the village treasury of the sum of $500 was just as essential to a valid license as the petition or notice. The proposition that the several municipal bodies can, under the provisions of our statute, license the sale of liquors on the credit of the license is not entitled to serious consideration, and a license so issued is not voidable merely, but void in a sense that it may be assailed even in a collateral proceeding.

3. It is observable from the record that the appeal was perfected within three days after the final order of the board, and that the license was not issued until more than a month thereafter. It does not appear that the appeal has been determined by the district court, and we assume that it is still undisposed of therein. We are asked on that record to declare the license, although prematurely issued, to be a sufficient protection pending the appeal, unless revoked by the village board voluntarily or in obedience to a writ of *mandamus*. The question of the effect to be given a license pending appeal where the action complained of is a mere irregularity or error of judgment by the board granting it is not presented; but it is clearly no protection to the license in a case like that before us. To hold otherwise would be to permit the board to accomplish by indirection

that which it is powerless to do directly. There is no error in the record and the judgment is

AFFIRMED.