HESTER ANN SEXSON, PLAINTIFF IN ERROR, v. SIMON KELLEY, MICHAEL NOONAN, AND PATRICK FAHEY, DEFENDANTS IN ERROR.

Liquor selling: CONSTRUCTION OF STATUTES. By section three hundred and fifty of the criminal code of 1866, all the powers and duties devolving upon the county commissioners, in relation to the granting of license for the sale of liquors, are conferred upon the proper authorities of all towns and cities, within the incorporated limits thereof; but this provision does not change in a single particular, the conditions with which an applicant for license must comply.

——: BOND FOR LICENSE. Where a bond is made to a city, instead of to *the county*, and contains no provision for the payment of all *damages* which may be adjudged against the licensed parties, as provided by the statute, such bond is a nullity, and no action for a breach of its conditions can be maintained thereon.

THIS was a petition in error to reverse the judgment of the district court for Lancaster county. The facts are fully set forth in the opinion of the court.

*H. S. Jennings,* for plaintiff in error.

*James E. Philpott* and *Seth Robinson,* for defendants in error, stated the case and contended:

I.   The bond runs to the city of Lincoln and not to the county of Lancaster as the statute requires, and it is only upon the statutory bond that an action like the plaintiff's can be brought.

II.   The bond is not conditioned to pay all damages which may be adjudged against the obligees, and therefore it does not appear from the petition that the condition of the bond is broken.

III.   A party suing at law on a bond or other written instrument must, if he recover at all, recover according to its terms.

> "Tarry a little;—there is something else.
> This bond doth give thee here no jot of blood;
> The words expressly are, a pound of flesh."
>
> &ast;         &ast;         &ast;         &ast;
>
> "Shed thou no blood; nor cut thou less nor more
> But just a pound of flesh."
>
> —*Merchant of Venice, Scene I. Act IV.*

GANTT, J.

The defendants, Kelley and Noonan, obtained a license from the authorities of the City of Lincoln to sell malt, vinous, and spirituous liquors, for one year from June 6, 1871. The plaintiff, the wife of James Sexson, brought this action, on the bond, against these defendants, and Fahey, their surety, to recover damages alleged to have been sustained by reason of Kelly and Noonan selling intoxicating liquors to her husband—making him drunk.

The defendants demurred to the petition on the ground that it does not state facts sufficient to constitute a cause

of action. The court sustained the demurrer and rendered judgment accordingly. To reverse that judgment the cause is now brought here by petition in error.

Section 336, chapter 29, of the criminal code, *Revised Statutes*, 1866, 671, confers on the county commissioners authority to grant and issue license to any person or persons who shall comply with the provisions of the act. One of these provisions is that the applicant shall "file with the county clerk his bond to *the county*, in the sum of not less than five hundred dollars, nor more than five thousand dollars, with good and sufficient security, to be approved by the county commissioners, conditioned that during the continuation of his license, he will not keep a disorderly house; that he will not allow gambling with cards, dice, or any other implements or devices, used in gambling within his house, or within any out-house, yard, or other premises under his control, and for the payment of all *damages*, fines and forfeiture, which may be adjudged against him under the provisions of this chapter."

By section 350, "all the powers and duties in this chapter, devolving upon the county commissioners, shall belong to and be exercised by the proper authorities of any or all towns and cities of this state, within the incorporated limits thereof." This section merely confers on the city authorities the powers and duties of the commissioners, within the city limits, and authority to increase the license within the city limits, and to make needful rules and pass ordinances to carry out the intent of the law. It does not, in one particular, change the conditions with which the applicant for license must comply.

The act requires the applicant to execute his bond to the *county;* this is a statutory requisition, and the city authorities cannot disregard it and take a valid bond in any other name as obligee. The condition of the bond provides against the keeping of a disorderly house, and

all gambling, and for the payment of all *damages*, fines, and forfeitures; this is also a statutory requisition, and the city authorities cannot disregard it and take a bond with other conditions.

The bond sued on is made to the *City of Lincoln*, and contains no condition for the payment of all *damages* which may be adjudged against the licensed parties; but simply provides for the payment of all fines, forfeitures, and penalties, and the compliance with the statutes of Nebraska, and the ordinances of the city, "*so far as relates to the matters in the bond*." There is no provision in the statute authorizing such bond, and there is no power conferred on the city authorities to provide for or accept such bond; hence, the bond and the proceedings of the city authorities in the matter are nullities.

The rule of law is well settled, that statutes conferring power upon municipal officers must be strictly construed. And the doctrine that municipal bodies can exercise only such powers as are especially granted them, or such as are necessary to carry into effect the powers expressly granted, is too well established to cite authorities in support of it. *Vide, The Sioux City und Pacific R. R. v. Washington County, ante page* 30.

Again, the law having clearly provided the course to be pursued in applications for license, and the nature and condition of the bond, and the party to whom it must be made, all other modes of procedure are excluded.

For these reasons we think the demurrer was rightly sustained by the district court, and its judgment ought to be affirmed.

JUDGMENT AFFIRMED.

Mr. JUSTICE MAXWELL concurs.