ETHAMER PELTON AND FRANK MOORE, PLAINTIFFS IN ERROR, V. E. E. DRUMMOND ET AL., DEFENDANTS IN ERROR.

1. **Liquors**: APPLICATION FOR LICENSE: NOTICE. In an application for license to sell intoxicating liquors under the provisions of chapter 50 of the Compiled Statutes, it is necessary to give at least two weeks' notice of the same in the manner provided by law, and where the notice is published in a newspaper, the county (city or village) board has no authority to take any action thereon until the expiration of the time during which the notice must be given. Any action taken by them before the expiration of the two weeks will be void.

2. ———: NOTICE: APPLICATION. Notice of application for a license was published in a newspaper, the first publication being on Saturday, the 5th day of June. The time for hearing the application was fixed in the notice at the third Friday in June, which was the 18th day. On that day, the village board being in session, the application was considered, and there being objections to the issuance of the license, the 22d day of June was appointed for the hearing. It was *Held* that the board had no authority to make the order, the notice being insufficient.

ERROR to the district court for Furnas county. Tried below before GASLIN, J.

*John Dawson,* for plaintiffs in error.

*W. S. Morlan,* for defendants in error.

REESE, J.

Plaintiffs in error filed with the clerk of the village of Arapahoe their petition for license to sell intoxicating liquors. Certain citizens appeared and filed their remonstrance and protest against the issuance of the license. The matter was heard by the village board and a license granted. The remonstrants appealed to the district court, and upon a hearing there the order of the village board was vacated and the license refused. Plaintiffs bring error to this court.

As shown by the abstract the decision of the district court was based upon the finding that the bond filed and notice given by plaintiffs in error were insufficient. But one of these questions need be noticed here, for the reason that the decision thereon must result in an affirmance of the judgment of the district court. This question is as to the finding that the notice was insufficient.

The petition was filed in the office of the village board on the 3rd day of June, 1886. A notice of the filing of the petition was then published in the *Arapahoe Pioneer.* This notice was as follows:

"APPLICATION FOR LICENSE.

Notice is hereby given that we, Ethamer Pelton and Frank Moore, have filed with the clerk of the board of trustees of the village of Arapahoe, Furnas county, state of Nebraska, a petition for the sale of malt, spirituous and vinous liquors, for the ensuing municipal year, and that we will apply for such license at the regular meeting, on the third Friday in June, of said board of trustees.

ETHAMER PELTON.
FRANK MOORE.

Dated June 3d, 1886."

As shown by the affidavit of the publisher, the notice was published on the following dates, to-wit: June 5th, June 12th, and June 19, 1886. As will be observed, the notice fixed the third Friday in June as the date of hearing. This day came on the 18th day of the month. One day before the last publication. On that day the board met in regular session and "on motion, Tuesday, the 22d day of June, 1886, commencing at seven o'clock P.M., was appointed for the hearing of said case."

Section 2 of chapter 50 of the Compiled Statutes—relating to the license and sale of intoxicating liquors—is as follows:

"No action shall be taken upon said application until at least two weeks' notice of the filing of the same has been given by publication in a newspaper published in said county, having the largest circulation therein, or if no newspaper is published in said county, by posting written or printed notices of said application in five of the most public places in the town, precinct, village, or city in which the business is to be conducted, when, if there be no objections in writing made and filed to the issuance of said license, and the county board is in session, and all other provisions of this chapter have been fully complied with, it may be granted."

Section three provides that "If there be any objection, protest, or remonstrance filed in the office where the application is made against the issuance of said license, the county board shall appoint a day for the hearing of said case, " etc.

By these provisions of the law we understand that when an application for a license is filed in the proper office, it is necessary to give notice of the fact in the manner provided by law. This notice must be given "at least two weeks before" any action can be taken by the board. The language of the law is plain and imperative. "No action shall be taken upon said application until at least two weeks' notice of the filing of the same has been given."

What action could the board take until the expiration of that time? Simply none.

Section 895 of the civil code provides that "The time within which an act is to be done as herein provided shall be computed by excluding the first day and and including the last; if the last day be Sunday it shall be excluded.".

The language of section two of the act, as above quoted, requires the application of this rule to the computation of the time during which the notice is to be given. Saturday the 5th of June—the day of publication—must be excluded. The two weeks, then, would expire with Saturday, the 19th. If Sunday must be excluded—and it must, for the board could not legally be in session on that day to appoint the time for hearing—Monday, the 21st, would have been the first day on which the board could take any action whatever on the application. The "action" was taken by the board on the 18th, three days before they had any authority or jurisdiction to act.

This objection was presented to the board by the remonstrance. It was clearly such an "objection" as should have defeated the license, at least under the order of the 18th of June.

The appeal brought the issue to the district court and its decision thereon was clearly right.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.