## JOHN PISAR, JR., V. STATE OF NEBRASKA.

### FILED OCTOBER 20, 1898.   No. 10273.

1. **Intoxicating Liquors:** APPLICATION FOR LICENSE: NOTICE. An application for a license to sell liquor cannot be acted upon until at least two weeks' notice has been given in the manner specified by statute. Action can only be taken after the expiration of two weeks, and consequently action on the fourteenth day after the first publication of notice is premature.

2. ———: ———: ———. Notice of the application, in compliance with the statute, is essential to confer jurisdiction on the board to which the application is addressed; and a license issued without such notice is void and may be collaterally attacked.

3. **Criminal Law:** ADMITTED FACTS: INSTRUCTIONS. In a criminal case, if the defendant on the trial stipulate that certain facts exist, the court may properly assume those facts as established and instruct the jury as to their legal effect.

4. ———: ———: MAXIM. If the defendant solemnly admit facts establishing his guilt, he is not entitled to have the jury pass on the issue of his actual intent to violate the law. *Ignorantia legis neminem excusat.*

ERROR to the district court for Gage county. Tried below before LETTON, J. *Affirmed.*

*Hazlett & Jack* and *E. N. Kauffman*, for plaintiff in error.

*C. J. Smyth, Attorney General, Ed P. Smith, Deputy Attorney General, Samuel Rinaker*, and *E. O. Kretsinger*, for the state.

IRVINE, C.

John Pisar, Jr., was convicted of selling intoxicating liquors without a license, and asks a reversal of the judgment. The case was submitted to the jury on an agreed statement of facts without other evidence. It appeared from this statement that Pisar sold liquors as charged in the information, but that he did so under color of a license which had been issued to him; that except as to the publication of notice all the proceedings leading to the issuing of the license were sufficient and regular.

The notice was published in a weekly newspaper April 28 and May 5. The license was granted May 12,—the fourteenth day after the first publication. The state asserts that the notice had not been published a sufficient period to permit action on the application on the day when such action was taken. It is on this alone that the prosecution rests.

The statute provides (Compiled Statutes, ch. 50, sec. 2): "No action shall be taken upon said application until at least two weeks notice of the filing of the same has been given by publication," etc. Construing this provision with reference to a notice first published June 5, this court said: "Saturday, the fifth of June, the day of publication, must be excluded. The two weeks then would expire with Saturday, the nineteenth. If Sunday must be excluded—and it must, for the board could not legally be in session on that day to appoint a time for hearing—Monday, the twenty-first, would have been the first day on which the board could take any action whatever on the application." (*Pelton v. Drummond*, 21 Neb. 492.) Referring to a notice first published May 12, it was said: "The notice given in the newspaper had been given two weeks with the expiration of May 26. If no remonstrance had been filed, a license might have been granted on the 27th." (*Hollembaek v. Drake*, 37 Neb. 680.) Other expressions may be found in the reports of similar import. In *Pelton v. Drummond* action had been taken on the thirteenth day instead of the fourteenth, as is here the case, and in *Hollembaek v. Drake* the notice given was held sufficient, so that, in a strict sense, the cases cited are in a manner *obiter* as to the precise question now before us. Nevertheless, both cases required for their decision a construction of the same clause of the statute, and the language used by the court was not an incidental expression but the deliberate judgment of the court as to such construction. The statute says that no action shall be taken "until at least two weeks notice" has been given. This indicates that action must be after the ex-

piration of two weeks, and not merely at the end of two weeks, and so justifies the construction which has been placed upon it, and which will not now be changed.

It is said that, in the cases the state relies upon, the court was dealing with direct attacks on the license; that when a license has been granted the same considerations do not apply to a collateral attack. But the notice is jurisdictional. Without a compliance with the statute in that regard the council is without authority to act. (*Pelton v. Drummond, supra; Livingston v. Corey,* 33 Neb. 366; *Zielke v. State,* 42 Neb. 750.) The defect was not a mere irregularity in the proceedings, but one which rendered them void and the license no protection. It was no license because of want of authority in the council to grant it.

The foregoing questions were raised by exceptions to instructions. The instructions are also assailed as depriving the jury of its authority to pass on the question of guilt or innocence. The instructions specially assailed tell the jury that the only question before it is the sufficiency of the notice, and then that the notice is insufficient. This was of course practically equivalent to directing a verdict of guilty. An instruction in a criminal case is not erroneous for assuming facts as proved, provided the record clearly shows that the defendant admitted such fact or treated it as established. (*Hill v. State,* 42 Neb. 503; *McAleer v. State,* 46 Neb. 116.) In this case the necessity of proof was dispensed with by a solemn stipulation of all essential facts. The court did not err in treating those facts as established. The legal conclusion from such facts was for the court and not for the jury, and the defendant cannot complain because the court drew that conclusion and stated it clearly to the jury. If the legal conclusion from the facts defendant solemnly admitted was equivalent to a plea of guilty, there was nothing really for the jury to pass upon.

It is said that the issue of criminal intent was at least for the jury, and that the defendant had acted in good

faith, believing he had a license. But he is conclusively presumed to know the law, and if an actual unlawful intent is essential, that presumption supplies it. The case is one of hardship, and it is doubtful if any public purpose is subserved by a prosecution under such circumstances; but the hardship is no greater than is frequently caused by the application of the always harsh but necessary maxim, *ignorantia legis neminem excusat.*

AFFIRMED.