IN RE MITCHELL U. CLYDE.

M. B. CARMAN ET AL., APPELLANTS, V. MITCHELL U. CLYDE, APPELLEE.

FILED OCTOBER 22, 1908.    No. 15,323.

1. Intoxicating Liquors: LICENSE: BOND. If an applicant for license to vend intoxicating liquors in Nebraska tenders a bond not conditioned as required by statute, it is error for the license board to approve said bond and issue a license over the objections of remonstrators.

2. ———: ———: ———. In case a bond not conditioned as required by statute has been thus accepted, the applicant cannot, upon appeal in the district court, cure the defect by filing an amended bond conditioned as the law directs, and thereby validate the action of the license board.

APPEAL from the district court for Red Willow county: ROBERT C. ORR, JUDGE. *Reversed with directions.*

*Perry & Lambe,* for appellants.

*Starr & Reeder, contra.*

ROOT, C.

Appeal from a judgment of the district court for Red Willow county affirming the action of the city council of McCook in overruling a remonstrance to the application of Clyde for license to sell intoxicating liquors in said city, and in granting said license.

Remonstrants objected in writing to the sufficiency of the bond tendered by Clyde, and to the sureties thereon, and upon the introduction in evidence of said undertaking specifically objected that said bond was not conditioned as required by chapter 50, Comp. St. 1907. The bond was plainly insufficient. The conditions therein were specifically detailed, but vital requirements of the statute were omitted, *i. e.,* that the vendor would not violate any of the provisions of chapter 50 aforesaid. The bond was so evidently inadequate that Clyde requested

the district court to make an order that he might file an amended bond with the city clerk, and said motion was sustained. Therein the learned district judge erred. A liquor bond must be conditioned as provided by statute. *Sexson v. Kelley,* 3 Neb. 104. The city council is limited in its authority, and, unless all of the jurisdictional facts existed, was without power to issue a license to applicant. *Zielke v. State,* 42 Neb. 750; *Pisar v. State,* 56 Neb. 455. Whether the defect was jurisdictional or not, the council should not have approved a bond that did not fully comply with the law. It was the duty of that board to compel the execution of an undertaking that would be free from defects, so that, in case of suit thereon, the plaintiff might not be compelled to rely upon estoppel to maintain his action. The district court should not have permitted the giving of an amended bond. If this may be done, then an applicant may substitute competent for incompetent signers to his petition. The court did not know whether the amended bond would be in any better form than the one accepted by the council, nor did it know whether the sureties thereon were solvent, nor do we know any of those facts. Any citizen of the state has a right to inspect the proposed bond of an applicant for license to sell intoxicating liquors, opportunity to object thereto, and a day in court upon those objections, but by the action of the district court all those possibilities were foreclosed, and the mayor and city council were made the final and *ex parte* arbiters of the sufficiency of said bond. We have uniformly held that, unless the record brought to this court sustained the applicant's right to a license, it should be denied him. *State v. Bonsfield,* 24 Neb. 517; *Bennett v. Otto,* 68 Neb. 652; *Payne v. Ryan,* 79 Neb. 414. The record in this case does not sustain the action of the city council or of the district court.

There are other assignments of error, but we do not determine any of them, as the foregoing is ample for the disposition of this case.

We therefore recommend that the judgment of the dis-

trict court be reversed and that the cause be remanded, with directions to that court to enter judgment reversing the order of the city council and revoking the license granted to Clyde.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to that court to enter judgment reversing the order of the city council and revoking the license granted to Clyde.

REVERSED.

1. **Intoxicating Liquors: LICENSE: BOND.** If an applicant for license to vend intoxicating liquors in Nebraska tenders a bond not conditioned as required by statute, it is error for the license board to approve said bond and issue a license over the objections of remonstrators.

2. ———: ———: ———. In case a bond not conditioned as required by statute has been thus accepted, the applicant cannot, upon appeal in the district court, cure the defect by filing an amended bond conditioned as the law directs, and thereby validate the action of the license board.

