## URBAN R. ZEDIKER V. STATE OF NEBRASKA.

### FILED JULY 7, 1921. No. 21868.

1. **Larceny: INSTRUCTIONS.** In the trial of a defendant upon a charge of larceny, it is reversible error for the court to instruct the jury that, if they were "satisfied from the evidence beyond a reasonable doubt that, shortly after the theft of the property described in the information, some part thereof was found in the possession of the defendant, and if his possession of the same has not been explained to your satisfaction, then you would be justified in inferring from said facts that the defendant stole the said property," unless the instruction is qualified to the effect that it is for the jury alone to say, in the light of all the facts and circumstances shown in the evidence, whether any such inference shall be drawn.

2. ——: ——. Upon a larceny charge, where the *corpus delicti*

Zediker v. State.

is in dispute, or is not admitted by the defendant, it is error for
the court in one of the instructions to assume that it is estab-
lished, or to refer to it as an established fact, even though it is .
submitted to them for their determination by another instruction.

Error to the district court for Box Butte county:
William H. Westover, Judge. *Reversed.*

*Eugene Burton* and *Robert O. Reddish,* for plaintiff in
error.

*Clarence A. Davis, Attorney General,* and *Jackson B.
Chase, contra.*

Heard before Letton, Day and Dean, JJ., Clements
(E. J.) and Morning, District Judges.

Morning, District Judge.

The defendant was convicted of larceny in the district
court for Box Butte county and prosecutes error.

The only assignment of error necessary for us to con-
sider is that relating to instruction No. 4, given by the
court to the jury. Said instruction reads:

"In this case you are instructed that there is evidence
tending to show that the property described in the in-
formation, or a part thereof, was found shortly after it
was stolen, in the possession of the defendant, and on
this proposition you are instructed 'that the unexplained
possession of stolen property, shortly after the theft of it,
is a fact which may justify the jury in inferring that the
person so in possession is the thief.' And in this case, if
you are satisfied from the evidence beyond a reasonable
doubt that, shortly after the theft of the property de-
scribed in the information, some part thereof was found
in the possession of the defendant, and if his possession of
the same has not been explained to your satisfaction, then
you would be justified in inferring from said facts that the
defendant stole the said property."

The quotation set out in said instruction was taken
from the syllabus in *Palmer v. State,* 70 Neb. 136, and
states a correct rule of law, but it should have contained

Zediker v. State.

the qualification, or one in substance like it, which was embodied in the instruction dealt with in the above-cited case, viz., "Whether such inference should be drawn is a fact exclusively for the jury." *Pospisil v. State, ante,* p. 40. And we think, also, that the court should have instructed the jury, in that connection, that, if they believed the explanation of the defendant as to how he came into possession of the property, or if it created in their minds a reasonable doubt as to his guilt, they should acquit the defendant.

This instruction also assumed that the *corpus delicti* was an established fact; that is, it assumed that the property found in the possession of defendant had been stolen, whereas this was a fact which the jury must find from the evidence, beyond a reasonable doubt, before there could be any inferences drawn from, or any legal significance attached to, the fact that the property was found in the possession of the defendant. "Unless the jury are satisfied beyond a reasonable doubt that the offense has been committed, the unexplained recent possession of goods will not justify the conclusion that the person in whose possession they are found is the thief." 17 R. C. L. 72, sec. 76.

In criminal cases, the court may in the instructions to the jury assume the existence of collateral facts established by uncontroverted evidence which tend to prove one of the constituent elements of the crime. *Welsh v. State,* 60 Neb. 101. They may also assume the existence of any fact forming a material element of the crime, where such fact is admitted by the accused, or where his defense is of such a nature that it is by him treated as established. *Hill v. State,* 42 Neb. 503; *Morgan v. State,* 51 Neb. 672; *Pisar v. State,* 56 Neb. 455. But it is reversible error for the court to assume in the instructions that the *corpus delicti,* or any fact necessary to establish the guilt of the accused, has been proved, and so relieve the jury from its consideration, unless the same is expressly or tacitly admitted by defendant. The presiding judge is without

lawful authority to determine the issue, or any of the facts involved therein. That is the function of the jury, regardless of the state of the evidence. They are the sole judges of the credibility of the witnesses and of the weight to be given to the evidence, and the court cannot assume that they are convinced of any constituent element of guilt because they ought to be. They may entirely discredit any witness though uncontradicted, or refuse to believe all the evidence tending to establish guilt even though it is unopposed and free from conflict. *Heldt v. State,* 20 Neb. 492; *Metz v. State,* 46 Neb. 547; *Goldsberry v. State,* 66 Neb. 312. And if the court in one instruction assumes the existence of a material fact, which should have been submitted to the jury, the error is not cured by the submission of it in another instruction. This was expressly held by this court in *Metz v. State, supra,* where we were called upon to consider an instruction given by the trial court in the following language:

"If you believe from the evidence, beyond a reasonable doubt, that soon after the burglary of the storehouse or warehouse of the said Jasper N. Binford and the larceny of the corn therefrom, portion of the said corn so stolen was in the exclusive possession of the defendant George Metz, you are instructed that this circumstance, if so proved, is presumptive, but not conclusive, evidence of the defendant's guilt, and you should consider this circumstance, if so proved to your satisfaction, along with the other evidence in the case in arriving at your verdict, giving it such weight and effect as you think it entitled to, and giving the defendant the benefit of any reasonable doubt of guilt."

Chief Justice Norval, in discussing that instruction, on page 554 of the opinion, said: "The foregoing was erroneous for more than one reason. By it the court assumed that a burglary and larceny had been committed. The accused, during the entire trial, strenuously insisted that such were not the facts, and it was prejudicial error for the court to assume as established the *corpus delicti.*

True, the question was submitted to the jury for their determination by another instruction, but that did not cure the error indicated in the instruction quoted, since the jury would be left in doubt as to which instruction should guide them in their deliberations."

For the reasons indicated in the foregoing discussion, we hold that the fourth instruction given by the court below was prejudicially erroneous, and that the judgment of conviction should be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.