STATE OF NEBRASKA, EX REL. W. H. H. CORNELL, V. J. W. KASO ET AL., TRUSTEES, ETC.

1. **Liquors:** LICENSE. The design of the law regulating the traffic in intoxicating liquors is to place the traffic in such liquors solely in the hands of peaceable, law-abiding persons. Therefore, if it is made to appear to the licensing board that the applicant for license during the preceding year has been guilty of the violation of any of the provisions of the act, as by selling intoxicating liquors to an habitual drunkard, the board "shall refuse" to issue a license to such applicant.

2. ———: ———. A member of a village board who signs a petition for a license to a certain person to sell intoxicating drinks in such village, thereby debars himself of the right to act upon such petition; in other words, he cannot be petitioner and judge in the same case, and if without his vote the board is equally divided, no valid license can be issued.

ORIGINAL application for mandamus.

*E. W. Thomas,* for relator.

*Frank Martin,* for respondent.

MAXWELL, J.

This is an application for a mandamus to compel the defendants to set a day and hear certain remonstrances against the issuing of license to one John King to sell intoxicating drinks in the village of Verdon.

It is alleged in the petition that Verdon is a village organized under the laws of the state, and that the defendants constitute the board of trustees thereof; that the whole number of resident freeholders in the village at the time said license was granted was thirty-eight, twenty of whom signed the petition for the issuing of said license; that four of said persons were not in fact freeholders, but a certain lot had been conveyed to them to enable them to sign said petition; that said lot was of but little value; that the relator and others filed a remonstrance against license being issued to said King, setting forth that said petition did not contain the requisite number of freeholders, and stating the names of said persons to whom the aforesaid lot had been conveyed, and that the lot had been fraudulently conveyed to them to enable said persons to sign said petition.

2d. That J. M. Houston, one of the signers of said petition, was not a resident of said village.

3d. That J. Kaso, one of the trustees who granted the license, was also a petitioner.

On the day set for the hearing of said remonstrance the relator filed an additional remonstrance, charging that King, in the preceding year, had sold intoxicating drinks to one Crook, and also to one Houston, both of whom were habitual drunkards. A continuance was asked for five

days, to enable the relator to procure testimony in the case. This was denied, and a license issued to King.

In our view, sufficient is shown to entitle the relator to a writ of mandamus. It is the policy of our law to place the sale of intoxicating liquor in the hands of peaceable, law-abiding persons. The traffic at best is injurious, not only to the community at large, but to individuals connected with it. If a saloon-keeper during the preceding year has violated the law in the sale of intoxicating drinks, it is the duty of the board, upon that fact being made to appear, to refuse him a license.

Section 10, Ch. 50, Comp. Stats., forbids the sale of intoxicating liquors to an Indian, insane person, idiot, or habitual drunkard.

Sec. 3 provides that if the applicant for license has been guilty of the violation of any of the provisions of the act within the space of one year, * * * "then the board shall refuse to issue the license." Where, therefore, it is satisfactorily proved that the applicant has sold intoxicating drinks to an habitual drunkard within the preceding year, the statute declares that the board "shall refuse" to issue license to such applicant.

The inhabitants of a city or village have a right to insist that the evils resulting from the sale of intoxicating liquors shall not be aggravated by the violations of law by those who vend such liquors. Therefore, where a remonstrance is filed against the issuing of license, and it is satisfactorily shown that the applicant has violated the law, it is the duty of the board to refuse to grant the same.

2d. A party cannot be a petitioner for a license and also sit in judgment to determine whether or not his own petition shall be granted. The petitioner Kaso, therefore, could not act upon his own petition. *Vanderlip v. Derby*, 19 Neb., 165. *State v. Webber*, 20 Id., 467. And without his vote, the board being equally divided upon the question of issuing the license to King, no valid license could be issued to him.

39

3d.   Objections were made to certain parties named, on the ground that they were not *bona fide* freeholders.   The question is not presented in such a form as to enable us to determine the good faith of the transaction.   In the absence of proper allegations or proof of fraudulent practices, the presumption is in favor of honesty and fair dealing.   The relator was entitled to a reasonable continuance to enable him to produce his witnesses to prove the facts set forth in the remonstrances, and as the time asked was not unreasonable, the hearing should have been postponed as prayed.   A peremptory writ of mandamus will be granted requiring the defendants to set a time for the hearing of said remonstrances.

JUDGMENT ACCORDINGLY.

THE other judges concur.