State ex rel. Walker et al. v. Stewart—Statement of Case.

STATE *ex rel.* JOHN R. WALKER, JOHN R. MIOT, JOHN C. JONES, R. A. CONKLING AND J. F. BELL AS COUNTY COMMISSIONERS OF BREVARD COUNTY, FLORIDA, PLAINTIFFS IN ERROR, v. A. A. STEWART, DEFENDANT IN ERROR.

49   259
53   229

1. Where a board of county commissioners, at a regular meeting held on November 3rd, 1903, adopted a resolution naming certain banks and an individual as fiscal agents of the county, and thereby proposed to pay such fiscal agents 6 per cent. per annum upon county warrants cashed by them and registered by the county treasurer from the date of issue to the date of payment as compensation for their services, and where one of said banks accepted the provisions of said resolution and cashed warrants, and presented an account for services on the basis of 6 per cent. per annum on the amount of warrants so cashed, which account was allowed by the county commissioners, such transaction was an attempt to pay interest, and is not authorized by law.

2. Mandamus will not lie on the relation of the county commissioners to compel the clerk to do an illegal act.

This case was decided by Division A.

Writ of Error to the Circuit Court for Brevard County.

STATEMENT.

John R. Walker and others as County Commissioners of Brevard county, as relators, filed a petition for an alternative writ of mandamus against A. A. Stewart as

clerk and auditor of the Board of County Commissioners, alleging in substance, that at a regular meeting of said board on November 2nd. 1903, it passed the following res-- olution, to-wit: Resolved, that the Indian River State Bank at Titusville, the Brevard County State Bank of Cocoa, The Bank of Ft. Pierce of Ft. Pierce, The Plant- ers Security Bank of Jensen and E. P. Branch of Mel- bourne are hereby appointed fiscal agents of the county of Brevard and are to discharge the following duties: They are to cash all legal county warrants presented to them at par taking assignments thereof and forthwith present the same to the county treasurer for payment or registration in accordance with Chap. 5183, acts of 1903. Where war- rants are registered by the county treasurer and returned they shall be presented for payment with (in) ten days af- ter receiving notification from the treasurer that he has funds to meet the same. Such agents shall be entitled as compensation for their services to charge not to exceed 6 per cent. per annum upon the warrants cashed by them and registered by the county treasurer from the date of issue to the date of payment; that the Indian River State Bank of Titusville accepted the provisions of said resolu- tion and did act as fiscal agent for said Board of County Commissioners of Brevard county during the month of September, 1904, and cashed warrants as such fiscal agents to the amount of $817.44; that on the 4th day of October, 1904, while petitioners were in regular session the said Indian River State Bank presented to said board its ac- count for services for September, 1904, amounting to $4.09, which was approved by said board and ordered paid out of any money appropriated for general fund; that said Stewart as clerk and auditor refused to audit said account, and refused to sign and seal the warrant for same numbered 9894. which was countersigned and at-

tested by the chairman of the board in open session. A writ of mandamus against A. A. Stewart was prayed for, and by consent the petition was treated as an alternative writ.

A. A. Stewart, the clerk and auditor, answered the petition, admitted all the facts alleged therein and for cause why he refused to sign and seal the warrant says that he construes the account of the Indian River State Bank as being for interest upon the warrants cashed by said bank amounting to $817.44, and that under the decision of this court in the case of National Bank of Jacksonville v. Duval County, the board of county commissioners have no power to pay interest on warrants when there are funds in the county treasury with which to pay said warrants, and moved the court to quash the writ. The Circuit Judge granted the respondent's motion to quash the writ, and gave final judgment for said respondent. The plaintiffs in error seek to reverse this judgment.

*Geo. M. Robbins*, for Plaintiffs in Error.

No appearance for Defendant in Error.

HOCKER, J. *(After stating the facts.)*

We are of opinion that the substance and effect of the resolution passed by the Board of County Commissioners on the 2nd of November, 1903, when its terms were accepted and acted on by the Indian River State Bank of Titusville, amounted to an agreement or attempted contract to pay interest to the bank for the use of the money of the bank in cashing county warrants, when the county treasurer had no funds to discharge them. This court held in the case of the National Bank of Jacksonville v.

Duval County, 45 Fla. 496, 34 South. Rep. 894, that in the absence of statutory authority the County Commissioners had no such power. It said: "While the contract made with the plaintiff may have been wise from a business point of view, tending as it did to sustain the credit of the county, we have been unable to find a statute granting the power to make it, or granting any other power from which we can clearly imply the one here attempted to be exercised." It is contended, however, that the legislature by the proviso in the third section of Chapter 5183, laws of 1903, recognized the power to pay interest on warrants before the presentation to the treasurer, by saying that "nothing in this act shall be construed as requiring counties to pay interest on warrants after presentation to the treasurer." There is nothing in any section of the act that grants a power to pay interest on warrants under any circumstances, nor is there any grant of authority from which such may be clearly implied. The purpose of the proviso seems to be to preclude the notion that interest should be paid under any circumstances, for if interest is not to be paid after presentation of a warrant to the treasurer, no reason can be conceived why it should be done before presentation. If the construction contended for were the proper one, then a party holding a warrant could delay the presentation and perhaps under a favorable contract with a county, bankrupt it with accumulated interest. This would reduce the statute to an absurdity.

It is further contended that the clerk is a mere ministerial officer, and has no power to refuse to comply with an order of the Board of County Commissioners directing him to sign and seal a warrant, and the case of State ex rel. Fleming, Governor v. Crawford, 28 Fla. 441, 10 South. Rep. 118, is cited in support of this contention;

but that case is not analogous to the instant one. In that case this court held "that neither the Secretary of State nor the Supreme Court of Florida has power to pass upon the legality of an election of a United States Senator by the legislature, or of the appointment of a Senator by the Executive of the State," and consequently that when the Governor had appointed a senator, he had a right to require the Secretary of State to give effect to his act by issuing a commission to the appointee, leaving the question of the propriety of his act to be determined by the Senate of the United States. In the instant case the Circuit Court, as well as this court, has authority to pass upon the legality of the action of the county commissioners, and if that action is found to be without authority the clerk will not by mandamus be compelled to aid them in doing an illegal act. Relators must show a clear legal right to entitle them to a writ of mandamus. 13 Ency. Pl. & Pr., p. 496; 19 Amer. & Eng. Ency. Law (2nd ed.) 725-730; Johns v. County Commissioners of Orange County, 28 Fla. 626, text 630. 10 South. Rep. 96; State *ex rel.* Edwards v. County Commissioners of Sumter County, 22 Fla. 1; State *ex rel.* Norman v. D'Alemberte, 30 Fla. 545, 11 South. Rep. 905.

The judgment of the Circuit Court is affirmed.

TAYLOR and COCKRELL, JJ., concur.

WHITFIELD, C. J., and CARTER and SHACKLEFORD, JJ., concur in the opinion.