State ex. rel. Hubbard v. Holmes et al.—Syllabus.

STATE OF FLORIDA, EX REL. JOHN HUBBARD, PLAINTIFF IN
ERROR, v. J. N. HOLMES, J. M. TOWNE, C. B. WARE, J. L.
HACKNEY AND G. F. ALTMAN, COMPOSING THE BOARD OF
COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY, DE-
FENDANTS IN ERROR.

1.  Where an alternative writ of mandamus is sued out against
    the county commissioner's of a county to compel them to
    issue a license to a liquor dealer, under Chapter 4747
    Laws of 1899, and the county commissioners by de-
    murrer challenge the constitutionality of the statute,
    and the case is heard and decided upon such demurrer
    in the circuit court and no question is there made of
    the right of the county commissioners to raise such
    question, this court in passing upon the judgment ren-
    dered is not constrained to permit their right, for the
    first time, to be questioned here.

2.  Sections two and four of Chapter 4747 Laws of 1899, do
    not confer judicial powers on the board of county com-
    missioners, and are not, for that reason, in conflict with
    the constitution.  The powers conferred are simply to
    pass upon the personal qualifications and fitness of the
    applicant for a permit, to hear evidence upon those mat-
    ters and determine whether the applicant is twenty-one
    years old, whether he is a sober, law-abiding citizen,
    and of good character.  In such case the judgment of
    the county commissioners is one which follows the appli-
    cation of the ordinary principles of human reasoning to
    the facts, and is not formed by the application of legal
    principles to the fact.

This case was decided by Division B.

Writ of Error to the Circuit Court for Hillsborough
County.

The facts in the case are stated in the opinion of the court.

*Lunsford & Dickenson, Geo. P. Raney* and *P. O. Knight,* for Plaintiff in Error;

*Donald C. McMullen,* for Defendants in Error.

HOCKER, J.:  On November 12th, 1906, at the instance of John Hubbard, the relator, an alternative writ of mandamus was issued from the circuit court of Hillsborough county, directed to the county commissioners of said county, alleging in substance that the relator Hubbard had made his application to the board of county commissioners of Hillsborough county, on the first Tuesday in October, 1906, for a permit to sell liquors, wines and beer in election district No. 28 in said county; that he had complied with the requirements of Chapter 4747, Laws of 1899, and was entitled to a permit, and that on the first Tuesday in November, 1906, the county commissioners refused to grant the permit.  The alternative writ recites facts which show compliance with the terms and conditions of said act.  The county commissioners demurred to the alternative writ on the ground that Chapter 4747, Laws of 1899, is unconstitutional and void.  Upon a hearing the circuit judge sustained the demurrer, holding that Sections two (2) and four (4) of said act undertook to confer judicial powers upon the county commissioners, and was therefore not authorized by the constitution, and without the provisions of those sections the legislature would not have passed the act, and therefore the whole was unconstitutional and void.  The alternative writ was

quashed and final judgment entered for the respondents. From this judgment a writ of error was sued out.

So far as the record shows the objection was not made in the court below, but it is contended here, that the county commissioners cannot raise the question of the constitutionality of the statute as a ground for not performing the duty thereby enjoined, in a mandamus proceeding brought to enforce its performance. The case of County Commissioners of Franklin County v. State *ex rel.* Patton, 24 Fla. 55, 3 South. Rep. 471, is relied on to support this contention. In this case the court decided that the duty imposed in that case was simply to receive and keep in their custody the returns and to canvass the vote, and make due returns of the same to the county commissioners, and that they had no official interest in the result. The doctrine that parties not personally interested cannot raise such a question is sustained by the authorities, but in the cases of county commissioners and judicial, ministerial and executive officers generally, it seems to have been more honored in the breach than the observance. In the very same volume, in the case of County Commissioners of Lake County v. State, 24 Fla. 263, 4 South. Rep. 795, this court permitted the county commissioners to raise the question of the constitutionality of certain sections of "An act to create and establish the County of Lake from portions of Sumter and Orange," and the court passed on the points thus raised. In the case of Holland v. State ex rel. Duval County, 23 Fla. 123, 1 South. Rep. 521, Holland, the Sheriff of Duval county raised by demurrer to an alternative writ the question of the constitutionality of Chapter 2090 of the Laws of 1877, and the question raised was passed on by the court, although it does not appear that any personal

interest of the sheriff was affected by the statute. In the case of State ex rel. Turner v. Hocker, 36 Fla. 358, 18 South. Rep. 767, which was a mandamus proceeding against a circuit judge, that judge raised the question of the constitutionality of a statute placing two counties in his circuit, and although no personal interest of his was affected thereby, the question thus raised was decided by this court. See, also, State *ex rel.* Weeks v. Dampier, 53 Fla., 43 South. Rep. 422. In the case of State *ex rel.* Edwards v. County Commissioners of Sumter County, 22 Fla. 1, which was a mandamus proceeding against the county commissioners, it was held that such a proceeding could not be used to effect an illegal purpose. To the same effect see State *ex rel.* Walker v. Stewart, 49 Fla. 259, 38 South. Rep. 600; State *ex rel.* Norman v. D'Alemberte, 30 Fla. 545, 11 South. Rep. 905. In the case of Marbury v. Madison, 1 Cranch 137, the question of the constitutionality of a certain phase of the act of congress to establish the judicial courts was apparently raised by the court itself, and this was a case in which a mandamus had been applied for against James Madison, the Secretary of State. The note to the case of State *ex rel.* New Orleans Canal & Banking Co. v. Heard (47 La. Ann. 1679, 18 South. Rep. 746 ) in 47 L. R. A. 512, contains a collection of cases on the subject under discussion. The annotator concludes that there is no theory which will reconcile the conflict in the decisions.

We do not feel called upon to go further into the discussion of duties which are merely ministerial, and of such as have other elements, and whether a distinction is to be drawn between them in regard to the defenses which may be made to a writ of mandamus by executive, administrative and merely ministerial officers. The

county commissioners are sworn officers who are re-
quired to take the oath prescribed in Section 2, Article
16 of the constitution for all officers, and that oath
obligates them to support, protect and defend the consti-
tution of their state, and to well and faithfully perform
their duties. Under these circumstances it is not clear
that the courts would be justified in holding they could
not raise the question of the constitutionality of a statute
which imposed upon them the performance of acts which
from their view might seriously affect the interests and
welfare of their constituents, though it might not appear
that they themselves were personally affected thereby.
The courts are cautious in dealing with the constitu-
tionality of a statute, but it cannot be forgotten that the
constitution is a fundamental limitation upon the powers
of legislation. As the objection to the right of the county
commissioners to raise the question of the constitution-
ality of the act does not appear to have been made below,
we will not further regard it here, and will deal with the
question as presented by the record.

The two sections of the act (Chapter 4747) which the
circuit judge held to be unconstitutional are as follows:

"Sec. 2. The application shall be filed with the board
of county commissioners on or before any regular meet-
ing, and said application shall lie over until the next regu-
lar meeting of the board of county commissioners there-
after. When said application is filed the board shall
immediately thereafter give public notice in some news-
paper published in the English language in the precinct
in which such application for sale is made, and if no paper
is published in such precinct, then by posting in three
public places therein; if there be no such paper then in
some other paper published in the county, and if there

be no paper published in the county, then by posting for 30 days at court house of the county and by posting in three conspicuous places in the precinct for which such license is sought to be obtained, setting forth the fact that such application has been filed with said board and calling on any citizen of such election district who may desire to do so to show cause, if any there be, why such permit shall not be granted to the applicant, which cause shall be shown by the next regular meeting thereafter. Said notice shall contain the name of the applicant and the election district in which the permit is desired and shall be published once a week until the next regular meeting of the board, and the cost of the publication of said notice to be paid for by said applicant. If at such next regular meeting the board shall find that no legal cause exists why the permit should not be granted, and that the applicant is twenty-one years of age and a sober, law-abiding person, of good character, then a permit shall be given the applicant by the board of county commissioners to sell liquors, wines and beer as prayed for. But the board shall not grant a permit in any case in the absence of affirmative evidence of the applicant's having complied with this act and of his possessing the qualifications required for such permit; Provided, That the first Tuesday in any month shall for the purpose of this act be the day for the regular meeting of the County Commissioners. Provided, That no person who has been refused a license or permit by the county commissioners for legal cause shall be permitted to renew his application for license or permit to file a new application for license or permit until the expiration of a year from the date of such refusal."

"Sec. 4. If it be made to appear to the board of county

commissioners that the applicant for a permit to sell liquors, wines and beer is not a sober, law-abiding person, or is not a person of good character, then such permit shall be refused. Nothing in this act shall be construed to authorize said board to refuse such a permit when the applicant is twenty-one years of age, sober, law-abiding and of good character, and a permit in such precinct had been granted for the fiscal year ending October 1, 1899, and has complied with the other provisions of this act."

It was held by the circuit judge that these two sections confer judicial powers upon the county commissioners. The powers conferred by these sections are simply to pass upon the personal qualification of the applicant for a permit, to hear evidence and determine whether the applicant is twenty-one year sold, whether he is a sober, law-abiding citizen and of good character. It is not an easy matter to lay down a general rule, applicable to all cases which will clearly delimit the boundaries between judicial functions and powers on the one side, and administrative and ministerial functions and powers on the other. It is perfectly clear that administrative officers such as county commissioners in the discharge of their varied functions, must be permitted to investigate, and form judgments upon facts. In the laying out and construction of roads, in building bridges, in selecting jurors (Reeves v. State, 29 Fla. 527, 10 South. Rep. 901), in constructing public buildings, in the adjustment of claims against a county, in the assessment and levy of taxes, in equalizing taxes, and in other cases, they must necessarily investigate facts and conditions, form judgments and act upon those judgments. Such powers and duties are denominated quasi-judicial and quasi-legislative. Johnson v. Wakulla County, 28 Fla. 720, 9 South. Rep. 690. In

every such case we take it the judgment of the county commissioners is one which follows the application of the ordinary principles of human reasoning to the facts, and where such a judgment is not formed by the application of legal principles or rules to the facts, and the power to thus investigate and judge cannot be strictly classed as a judicial power. It is true that this court held in State *ex rel.* Arpen v. Brown, 19 Fla. 563, text 596, that the 5th and 6th sections of the act of March 3rd, 1883, relating to licenses for the sale of intoxicating liquors were unconstitutional because they undertook to create a court not authorized by the constitution. But this was because those sections undertook to invest the county commissioners with power to hear, try and determine a complaint against a licensed dealer and to impose a penalty upon him, *viz.*: to revoke his license. It is also true that this act was held in State *ex rel.* Bash v. County Commissioners of Jefferson County, 20 Fla. 425, not to confer upon the county commissioners any power beyond the ascertainment of the facts as to identity of the names on the registration list with those on the petition, the fact of publicaion, and whether the number of signers were a majority of those registered, and that these facts are simply to be ascertained by the use of the simple faculties of reading and computation. See, also, State *ex rel.* Norman v. D'Alemberte, 30 Fla. 545, 11 South. Rep. 905. But Chapter 4747, Laws of 1899, does not give the county commissioners the power to entertain a complaint and to impose any penalty upon a licensed dealer. It confers power to pass upon the moral qualifications of an applicant for a permit, a power not conferred by the act of March 3rd, 1883, and this is the power which it is contended is judicial. We find from the authorities that

such powers are frequently conferred upon licensing boards, or bodies. State *ex rel.* Cornell v. Kaso, 25 Neb. 607, 41 N. W. Rep. 558; Hopson's Appeal, 65 Conn. 140, 31 Alt. Rep. 531; Black on Intoxicating Liquors, Sec. 162; 17 Am. & Eng. Ency. Law (2nd ed.) 254. The question of the fitness of the appellant is one of fact, and not one of law. State v. Gerhardt, 145 Ind. 439, text 463, 44 N. E. Rep. 469, 23 Cyc. 122.

We are of opinion that the questions whether an applicant for a permit is 21 years of age, is a sober, law-abiding person and of good character are not strictly speaking judicial in their nature, but are questions of fact to be determined by the county commissioners according to the ordinary principles of human reason and judgment, and we are, therefore of opinion Sections 2 and 4 of Chapter 4747, Laws of 1899 are not unconstitutional.

The judgment of the circuit court is reversed.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.